1  Malcolm A. Heinicke (SBN 194174)
   Malcolm.Heinicke@mto.com
2  Kathleen M. McDowell (SBN 115976)
   Kathleen.McDowell@mto.com
3  J. Raza Lawrence (SBN 233771)
   Raza.Lawrence@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, CA  94105-2907
6  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
7
   ATTORNEYS FOR DEFENDANTS
8  WACHOVIA FINANCIAL SERVICES, INC.;
   WACHOVIA MORTGAGE CORPORATION;
9  WACHOVIA SHARED RESOURCES, LLC (erroneously
   sued as Wachovia Services, Inc.); WORLD MORTGAGE
10 COMPANY; WACHOVIA COMMERCIAL MORTGAGE,
   INC.; WORLD SAVINGS, INC.; WACHOVIA EQUITY
11 SERVICING, LLC; WACHOVIA BANK, N.A.; AND
   WACHOVIA CORPORATION
12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16

17 RONALD CHIN, individually, and on        CASE NO. **C08-01320**
   behalf of all other similarly situated, and as
18 an aggrieved employee pursuant to the
   Private Attorneys General Act,
19                                           **NOTICE OF REMOVAL** (pursuant to 28
              Plaintiff,                     U.S.C. §§ 1332(d), 1441 &1453)
20
        vs.
21                                           RELATED TO PREVIOUSLY FILED CASE:
   WACHOVIA FINANCIAL SERVICES,              *Chin v. Wachovia Financial Services, Inc., et*
22 INC.; WACHOVIA MORTGAGE                   *al.*, CV-08-0684-CW (filed January 29, 2008)]
   CORPORATION; WACHOVIA
23 SERVICES, INC.; WORLD MORTGAGE
   COMPANY; WACHOVIA
24 COMMERCIAL MORTGAGE, INC.;
   WORLD SAVINGS, INC.; WACHOVIA
25 EQUITY SERVICING, LLC;
   WACHOVIA BANK, N.A.; WACHOVIA
26 CORPORATION; and Does 1 through 10,
   inclusive,
27
              Defendants.
28

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2            PLEASE TAKE NOTICE that Defendants Wachovia Financial Services, Inc.;

3    Wachovia Mortgage Corporation; Wachovia Shared Resources, LLC (erroneously sued as its

4    predecessor-in-interest Wachovia Services, Inc.); World Mortgage Company; Wachovia

5    Commercial Mortgage, Inc.; World Savings, Inc.; Wachovia Equity Servicing, LLC; Wachovia

6    Bank, N.A.; and Wachovia Corporation (herein "Defendants") hereby remove the above-

7    captioned matter, which was commenced as Case Number RG08368375 in the Superior Court of

8    the State of California for the County of Alameda, to the United States District Court for the

9    Northern District of California pursuant to 28 U.S.C. §§ 1331(d), 1441 and 1453.  This Court has

10   original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of

11   2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453.

12           Indeed, on the day that Plaintiff Ronald Chin filed the instant action in state court,

13   he also filed a virtually identical separate complaint in federal court in this district affirmatively

14   alleging subject matter jurisdiction under CAFA.  *Ronald Chin v. Wachovia Financial Services,*

15   *Inc., et al.,* N.D. Cal. CV08-0684-CW (filed January 29, 2008).  Both the federal and the state

16   court complaint are premised on the exact same factual allegations and seek the same damages

17   and relief, i.e., unpaid wages and actual and consequential damages.  *See* Complaint in N.D. Cal.

18   CV08-0684-CW ("Federal Complaint") at pp. 17-18 (seeking "general unpaid wages at overtime

19   wage rates" and "actual, consequential and incidental losses and damages"); *see* Complaint in

20   *Ronald Chin v. Wachovia Financial Services, Inc., et al.,* Alameda Superior Court, No.

21   RG08368375 ("State Complaint") at pp. 14-16 (seeking "general unpaid wages at overtime wage

22   rates" and "actual, consequential and incidental losses and damages").  In essence, both actions

23   are filed on behalf of the same employees against the same Defendants.  Both actions are so-

24   called "off the clock" cases in which Plaintiff contends that he and others were properly classified

25   as non-exempt employees but were not paid properly for all of the hours that each of them

26   individually worked.  In other words, the underlying factual allegations are exactly the same and

27   only the causes of action vary.  As shown below, just as the Court has subject matter jurisdiction

28   under CAFA over the Federal Complaint (as Plaintiff alleges), it also has subject matter

1    jurisdiction under CAFA over the related State Complaint.

2           In support of their Notice of Removal, Defendants state the following:

3           1.    Removal to this Court is proper because this Court has original subject

4    matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"),

5    codified in part at 28 U.S.C. §§ 1332(d) and 1453.  Under CAFA, a district court has original

6    subject matter jurisdiction over any civil action in which (a) any of the plaintiffs is a citizen of a

7    State different from any defendant; (b) the amount in controversy, including but not limited to the

8    aggregate amount of relief on behalf of all plaintiffs, exceeds the sum or value of $5,000,000; and

9    (c) that is "filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or

10   rule of judicial procedure authorizing an action to be brought by 1 or more representative persons

11   as a class action." *See* 28 U.S.C. § 1332(d)(1)(B), (2).  This Court has jurisdiction over this

12   action under CAFA.

13          Minimal Diversity:

14          2.    Plaintiff Ronald Chin and several of the primary Defendants are citizens of

15   different states.  Plaintiff Ronald Chin is, and at all relevant times was, a citizen of the State of

16   California and several of the named defendants are, and at all relevant times were, citizens of

17   other states.  For example, Wachovia Financial Services, Inc., Wachovia Mortgage Corporation,

18   and Wachovia Corporation are all incorporated in North Carolina with their principal places of

19   business in North Carolina, which makes them citizens of North Carolina.  (By making this and

20   the other statements contained herein, Defendants in no way concede that all of the Defendants

21   were Plaintiff Chin's employers or that they are properly named in this action.)

22          Amount in Controversy:

23          3.    The amount in controversy in this action exceeds $5,000,000 in the

24   aggregate, exclusive of interests and costs.  (By making this and the other statements contained

25   herein, Defendants in no way concede that Plaintiff Chin or any of the allegedly aggrieved

26   employees he purports to represent are entitled to any recovery on any of the claims alleged; to

27   the contrary, Defendants do and will dispute the instant claims in their entirety.  Similarly, by

28   making this and the other statements contained herein, Defendants in no way concede that either

1    the Federal Complaint or the State Complaint is appropriate to proceed on a representative basis.)

2    The analysis set forth below concerns only the amount that Plaintiff Chin has placed in

3    controversy and is not in any way a concession of liability or applicable penalties.[1])

4           4.      In both the Federal Complaint and the State Complaint, Plaintiff alleges he

5    worked as a "Loan Representative" for "Defendants" from August 2006 to February 2007, and

6    that this position was a "non-exempt or hourly paid position." Federal Complaint ¶ 24; State

7    Complaint ¶ 23. In his Federal Complaint, Plaintiff purports to bring claims on behalf of a

8    putative class consisting of allegedly similarly situated non-exempt/hourly employees within

9    California. Federal Complaint ¶ 20. In his State Complaint, Plaintiff purports to bring claims

10    "individually, and on behalf of all others similarly situated, and as an aggrieved employee

11    pursuant to the Private Attorneys General Act." State Complaint at p. 1 (caption). *See also* State

12    Complaint ¶ 21.

13           5.      As is evident, Plaintiff has attempted to split his claims -- all arising from

14    the same facts, alleged against the same defendants, on behalf of the same employees -- into two

15    different lawsuits, apparently to try to evade federal court jurisdiction over his closely related

16    claims brought under the Labor Code Private Attorneys General Act ("PAGA"), California Labor

17    Code § 2698 *et seq.* His improper attempt to split claims should not be countenanced as the

18    claims in the State Complaint are essentially the same as his claims in the Federal Complaint, and

19    the claims in both lawsuits should therefore be considered as a whole in determining the total

20    amount in controversy. To rule otherwise would reward Plaintiff for improper claim splitting.

21    Plaintiff alleges that the Federal Complaint meets the $5,000,000 amount in controversy

22    requirement under CAFA, and thus the related claims in the State Complaint, which are in large

23    measure the same claims seeking the same damages, thus necessarily also meet the $5,000,000

24    amount in controversy when considered with the claims in the Federal Complaint. Even when

---

[1]      A removal petition such as the instant pleading must, by rule, be a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Defendants reserve their right to submit evidence in support of their factual allegations in response to any challenge to removal and federal jurisdiction in this matter. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n.1 (9th Cir. 2002); *Conley v. Kemper Ins. Companies,* Case No. C 05-02249 MJJ, 2005 WL 2230153 *2 fn. 1 (N.D.Cal. Sept. 12, 2005).

4528855.2

1    considered on a stand-alone basis, however, the claims in the State Complaint meet the

2    $5,000,000 amount in controversy requirement under CAFA.

3        6.    Plaintiff alleges that he and others (i.e., putative class members in the

4    Federal Complaint and "other aggrieved employees" in the State Complaint) were not paid

5    overtime wages, were not paid wages owed to them upon discharge of employment, were not

6    provided complete and accurate wage statements, were not provided mandated meal and rest

7    periods, and were not paid regular and overtime wages within the time period specified under the

8    Labor Code. Federal Complaint ¶¶ 27-31; State Complaint ¶¶ 26-30, 81.

9        7.    In both the Federal Complaint and the State Complaint, Plaintiff seeks

10   recovery of allegedly unpaid overtime and general consequential damages on behalf of, in the

11   Federal Complaint, "all others similarly situated," and, in the State Complaint, "all other

12   aggrieved employees similarly situated." *See* Federal Complaint at pp. 17-18 (seeking "general

13   unpaid wages at overtime wage rates" and "actual, consequential and incidental losses and

14   damages"); State Complaint at pp. 14-16 (seeking "general unpaid wages at overtime wage rates"

15   and "actual, consequential, and incidental losses and damages"). Plaintiff alleges that the amount

16   in controversy in the Federal Complaint exceeds $5,000,000.

17       8.    In addition to seeking allegedly unpaid overtime and general damages, in

18   the State Complaint Plaintiff purports to seek penalties under PAGA. Plaintiff seeks PAGA

19   penalties "on behalf of the State of California of which 75% will be kept by the state, while 25%

20   will be available to aggrieved employees" (*id.* ¶ 21) for <u>each</u> aggrieved employee for <u>each</u>

21   applicable pay period. Plaintiff seeks penalties in the amount of $100 for each aggrieved

22   employee per pay period for the alleged initial violation and $200 for each aggrieved employee

23   per pay period for each alleged subsequent violation, plus attorneys' fees. *Id.* ¶¶ 48 (allegedly

24   unpaid overtime-First Cause of Action); 63 (allegedly missed meal periods-Third Cause of

25   Action); 71 (allegedly missed rest periods-Fourth Cause of Action); 76 (alleged failure to pay all

26   wages due upon termination-Fifth Cause of Action); 82 (alleged failure to pay wages within time

27   provided under Labor Code-Sixth Cause of Action). For the one other alleged violation – the

28   alleged failure to provide complete and accurate wage statements – Plaintiff seeks "the greater of

1 the actual damages . . . or an aggregate penalty not exceeding [$4,000] per employee," plus

2 attorneys' fees. *Id.* ¶ 51 (alleged failure to provide accurate wage statements-Second Cause of

3 Action).[2]

4          9.      Plaintiff alleges he and other aggrieved employees are entitled to PAGA

5 penalties covering the time period "from August 1, 2006 to the date of the resolution of this

6 lawsuit." *Id.* ¶ 21. During this allegedly "relevant time period," Plaintiff claims that he "and

7 other aggrieved employees <u>consistently</u> worked" more than eight hours in a day and forty hours in

8 a week. *Id.* ¶ 44 (emphasis added). Plaintiff seeks recovery for the allegedly "unpaid wages at

9 overtime wage rates and such general and special damages as may be appropriate" as well as the

10 civil penalties ($100 and $200 penalties per pay period per aggrieved employee) available under

11 PAGA. *Id.* at p. 14.

12         10.     From August 1, 2006 to February 29, 2008, one or more of the Defendants

13 collectively employed over 3900 non-exempt employees in California who, as non-exempt

14 employees, fall within Plaintiff Chin's allegations of aggrieved employees. State Complaint

15 ¶¶ 21-22. From August 1, 2006 to the end of February 2008, there have been approximately forty

16 (40) pay periods for each of the allegedly aggrieved employees who were employed during that

17 time frame. From August 1, 2006 until February 29, 2008, Defendants thus issued over 156,000

18 paychecks to their non-exempt California employees.

19         11.     An analysis of Plaintiff's allegations regarding aggrieved employees'

20 claims demonstrates that the amount in controversy requirement ($5,000,000 in the aggregate,

21 exclusive of costs and interest) is met:

22         A. <u>Overtime</u>:  Plaintiff's hourly rate as a "Loan Representative" was $16.00.

23 Under California Labor Code sections 510(a), the overtime premium for hours worked in excess

24 of eight hours per day is one-and-a-half times the hourly rate, and twice the hourly rate for hours

25 worked over twelve in a day (the "double time" premium).

26         B. Plaintiff alleges that he and other aggrieved employees "consistently worked"

27 _____

[2]      In his Prayer for Relief for this cause of action, Plaintiff nonetheless seeks, in addition, the
28 $100 and $200 penalties available under PAGA. *Id.* at p. 15.

1    more than eight hours per day, more than twelve hours per day, and more than forty hours per

2    week. State Complaint ¶ 44. Even assuming that "consistently worked" means that only 10% of

3    the over 3900 non-exempt employees worked overtime at least once per two-week pay period

4    during the August 1, 2006 to February 29, 2008 time frame, then the potential PAGA penalties

5    for such aggrieved employees, assuming $100 per violation, would be more than $1,500,000. (By

6    making this and the other statements contained herein, Defendants in no way concede that such

7    penalties are proper and that, even if liability is established, such penalties should not be reduced

8    or not imposed at all per the Court's statutory discretion.) In his prayer for relief, Plaintiff also

9    seeks "general unpaid wages at overtime wage rates and such general and special damages as may

10    be appropriate." Although he provides no details regarding the amount of wages and damages he

11    is seeking, these sums could be substantial.

12        C. Improper Wage Statements: Plaintiff claims that employees did not receive

13    proper wages statements that included, for example, the social security number of the employees.

14    State Complaint ¶ 50. The penalty that can be imposed for such violations is a maximum of

15    $4,000 per employee. Id. Assuming that approximately 500 employees received improper

16    paychecks would lead to a recovery, at $4,000 per employee, of $2,000,000 in civil penalties.

17    (By making this and the other statements contained herein, Defendants in no way concede that

18    such penalties are proper or that the statutory aggregate limit does not apply class-wide or that,

19    even if liability is established, such penalties should not be reduced or not imposed at all per the

20    Court's statutory discretion.)

21        D. Missed Meal Periods: Plaintiff claims that employees did not receive legally

22    mandated meal periods. State Complaint ¶ 57; see also ¶ 59. Assuming that only 10% of the

23    over 3900 non-exempt employees were denied meal periods at least once per two-week pay

24    period during the August 1, 2006 to February 29, 2008 time frame, then the potential PAGA

25    penalties for such aggrieved employees, assuming $100 per violation, would be more than

26    $1,500,000. (By making this and the other statements contained herein, Defendants in no way

27    concede that such penalties are proper or that, even if liability is established, such penalties

28    should not be reduced or not imposed at all per the Court's statutory discretion.)

4528855.2                                    - 7 -

1      E. <u>Missed Rest Periods</u>:  Plaintiff claims that employees did not receive legally

2  mandated rest periods. State Complaint ¶¶ 67-69.  Assuming that only 10% of the over 3900

3  non-exempt employees were denied rest periods at least once per two-week pay period during the

4  August 1, 2006 to February 29, 2008 time frame, then the potential PAGA penalties for such

5  aggrieved employees, assuming $100 per violation, would be more than $1,500,000.  (By making

6  this and the other statements contained herein, Defendants in no way concede that such penalties

7  are proper or that, even if liability is established, such penalties should not be reduced or not

8  imposed at all per the Court's statutory discretion.)

9      F. <u>Non-Payment of Wages Upon Termination</u>:  Plaintiff alleges that he and other

10  aggrieved employees were not paid, at the time of their termination of employment, for their

11  allegedly worked overtime and missed rest and meal periods. State Complaint ¶ 74.  Between

12  August 1, 2006 and February 29, 2008, one or more of the Defendants collectively terminated the

13  employment (voluntarily or involuntarily) of over 2100 employees.  Assuming that these

14  terminated employees were not paid all wages owing in their final paychecks, the PAGA

15  penalties for such aggrieved employees would be over $420,000 (over 2100 terminated

16  employees at $200 per violation).

17      G. <u>Failure to Pay Wages</u>:  Plaintiff alleges that he and other aggrieved employees

18  were not timely paid for their allegedly worked overtime and missed rest and meal periods.  State

19  Complaint ¶ 81.  Assuming that only 10% of the over 3900 non-exempt employees were not

20  timely paid for each two-week pay period during the August 1, 2006 to February 29, 2008 time

21  frame, then the potential PAGA penalties for such aggrieved employees, assuming $100 per

22  violation, would be more than $1,500,000.  (By making this and the other statements contained

23  herein, Defendants in no way concede that such penalties are proper.)

24      12.    Plaintiff also seeks attorneys' fees in addition to allegedly unpaid overtime,

25  general damages, and PAGA penalties. State Complaint ¶¶ 48, 51, 63, 71, 76, 82.  Without

26  conceding that such fees are available, these requests for attorneys' fees on behalf of all allegedly

27  aggrieved employees greatly increase the amount in controversy. *Gibson v. Chrysler Corp.*, 261

28  F.3d 927, 942-43 (9th Cir. 2001) (prayers for attorney fees under statutes authorizing such fees

1   count toward amount in controversy); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th

2   Cir. 1998) (same).  Indeed, in wage and hour actions, at least those that are settled, the amount of

3   attorney fees is often 25% of the total amount made available for the employees.  *Muniz v. Pilot*

4   *Travel Centers LLC,* Case No. CIV. S-07-0325, 2007 WL 1302504, *4 n.8 (E.D. Cal.  May 1,

5   2007).

6              Again, while Defendants do not agree that Plaintiff or other allegedly "aggrieved

7   employees" are entitled to any recovery on any of the claims alleged, it is clear by adding up the

8   various amounts set forth above that Plaintiff has put well over $5,000,000 in controversy in this

9   litigation in PAGA penalties alone.

10             The "Class Action" Requirement Is Met As PAGA Authorize Class Actions:

11             13.    As defined in CAFA, a class action "means any civil action filed under rule

12   23 of the Federal Rules of Civil Procedure <u>or</u> similar State statute or rule of judicial procedure

13   authorizing an action to be brought by 1 or more representative persons as a class action."  28

14   U.S.C. § 1331(d)(1)(B).

15             14.    Plaintiff purported to file the State Complaint under PAGA, which

16   authorizes an "aggrieved employee" to bring a civil action "on behalf of himself or herself and

17   other current or former employees" for the recovery of civil penalties.  Cal. Labor Code

18   § 2699(a).

19             15.    By permitting an aggrieved employee to bring claims on behalf of others,

20   PAGA thus authorizes an aggrieved employee to bring such claims as class actions.  Indeed,

21   rather than attempting to split claims as Plaintiff has done here, many plaintiffs have included

22   PAGA claims as part of their claims asserted on behalf of a class of aggrieved employees.  *E.g.,*

23   *Swanson v. USProtect Corp.*, 2007 WL 1394485 (N.D. Cal. 2007) (Fogel, J.); *Moore v. Genesco*

24   *Inc.*, 2006 WL 2691390 (N.D. Cal. 2006) (Armstrong, J.).  *See also Dunlap v. Superior Court,*

25   142 Cal. App. 4th 330 (2006) (PAGA claim brought as part of putative class action); *Caliber*

26   *Bodyworks, Inc. v. Superior Court*, 134 Cal. App.4th 365 (2005) (plaintiffs filed class action

27   seeking PAGA penalties).

28             16.    Moreover, nothing in the PAGA statute permits an aggrieved employee to

4528855.2

1   bring claims for damages on behalf of others.  Instead, PAGA's reach is limited to recovery of

2   penalties.  As Plaintiff seeks, in addition to PAGA penalties, allegedly unpaid overtime wages

3   and general and consequential damages "on behalf of all other aggrieved employees similarly

4   situated," he evidently is proceeding under California's general statute permitting class actions.

5   *See* Cal. Civ. Proc. Code § 382 (California's general class action provision permits a putative

6   class action plaintiff "to sue . . . for the benefit of all").  Section 382 is indisputably a "State

7   statute or rule of judicial procedure authorizing an action to be brought by 1 or more

8   representative persons as a class action" as set out in the CAFA statute defining "class actions."

9

10                                             * * *

11           Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because it

12  embraces the place where this action was originally pending, and removal to this division is

13  proper because the case was commenced in Alameda County.

14

15  The following constitute all of the process, pleadings, and other papers served on one or more

16  Defendants in this action, true and correct copies of which are attached hereto and incorporated

17  herein:

18               Exhibit A:    Labor Code Private Attorneys General Act Complaint

19               Exhibit B:    Summons

20               Exhibit C:    Civil Case Cover Sheet and Addendum

21               Exhibit D:    Notice of Judicial Assignment for All Purposes

22               Exhibit E:    Notice of Case Management Conference and Order

23           BASED ON THE FOREGOING, Defendants hereby remove this action, now

24  pending in the Superior Court of the State of California for the County of Alameda, to the United

25  States District Court for the Northern District of California.

26

27

28

4528855.2                                   - 10 -

1    DATED:  March 7, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUNGER, TOLLES & OLSON LLP
    Malcolm A. Heinicke
    Kathleen M. McDowell


By: _____ /MH
        Malcolm A. Heinicke

ATTORNEYS FOR DEFENDANTS
Wachovia Financial Services, Inc.; Wachovia
Mortgage Corporation; Wachovia Shared
Resources, LLC (erroneously sued as
Wachovia Services, Inc.); World Mortgage
Company; Wachovia Commercial Mortgage,
Inc.; World Savings, Inc.; Wachovia Equity
Servicing, LLC; Wachovia Bank, N.A.; and
Wachovia Corporation

4528855.2

- 11 -

# EXHIBIT A

01/29/2008 TUE 13:35 FAX    861 9051 Iniative Legal Group



1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Initiative Legal Group LLP
3  1800 Century Park East, Second Floor
   Los Angeles, California 90067
4  Telephone: (310) 556-5637
   Facsimile: (310) 861-9051
5

6  Attorneys for Plaintiff RONALD CHIN
   and all other aggrieved employees
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF ALAMEDA** ~Filed by fax~

10 RONALD CHIN, individually, and on behalf     Case No. ~RG08368375~
   of all other similarly situated, and as an
11 aggrieved employee pursuant to the Private
   Attorneys General Act,                       **LABOR CODE PRIVATE ATTORNEYS**
12                                               **GENERAL ACT**

13              Plaintiff,                        **COMPLAINT FOR:**

14     vs:
                                                 (1)  Violation of California Labor Code
15                                               §§ 510 and 1198 (Unpaid Overtime);
   WACHOVIA FINANCIAL SERVICES, INC.,
16 a North Carolina corporation; WACHOVIA       (2)  Violation of California Labor Code
   MORTGAGE CORPORATION, a North                § 226(a) (Improper Wage Statements);
17 Carolina corporation, WACHOVIA
   SERVICES, INC., a North Carolina             (3)  Violation of California Labor Code
18 corporation; WORLD MORTGAGE                  §§ 226.7(a) and 512 (Missed Meal Periods);
   COMPANY, a Colorado corporation;
19 WACHOVIA COMMERCIAL MORTGAGE,               (4)  Violation of California Labor Code
   INC., a New Jersey Corporation; WORLD        § 226.7(a) (Missed Rest Periods);
20 SAVINGS, INC., a California corporation;
   WACHOVIA EQUITY SERVICING, LLC, a            (5)  Violation of California Labor Code
21 New Jersey limited liability corporation;    §§ 201 and 202 (Non-payment of Wages
   WACHOVIA BANK, N.A. a business entity        Upon Termination); and
22 form unknown; WACHOVIA
   CORPORATION, a business entity form          (6)  Violation of California Labor Code § 204
23 unknown; and DOES 1 through 10, inclusive,   (Failure to Pay Wages)
24
                                                 **Jury Trial Demanded**
25              Defendants.

26

27

28

                              COMPLAINT

Plaintiff, an individual, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

2.      This Court has jurisdiction over all Defendants because, upon information and belief, each Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

3.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants resides, transacts business, or has offices in this county and the acts and omissions alleged herein took place in this county.

4.      California Labor Code §§ 2699 authorizes aggrieved employees to sue directly for various civil penalties under the Labor Code.

5.      Plaintiff provided written notice by certified mail to the Agency and the Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

## THE PARTIES

6.      Plaintiff RONALD CHIN (hereinafter "Plaintiff") is a resident of Alameda County, in the State of California.

7.      Defendant WACHOVIA FINANCIAL SERVICES, INC. was and is, upon information and belief, a North Carolina corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

8.      Defendant WACHOVIA MORTGAGE CORPORATION was and is, upon

-2-
COMPLAINT

1    information and belief, a North Carolina corporation, and at all times hereinafter mentioned, an

2    employer whose employees are engaged throughout this county, the State of California, or the

3    various states of the United States of America.

4        9.    Defendant WACHOVIA SERVICES, INC. was and is, upon information and belief, a

5    North Carolina corporation, and at all times hereinafter mentioned, an employer whose employees

6    are engaged throughout this county, the State of California, or the various states of the United

7    States of America.

8        10.    Defendant WORLD MORTGAGE COMPANY was and is, upon information and

9    belief, a Colorado corporation, and at all times hereinafter mentioned, an employer whose

10    employees are engaged throughout this county, the State of California, or the various states of the

11    United States of America.

12        11.    Defendant WACHOVIA COMMERCIAL MORTGAGE, INC. was and is, upon

13    information and belief, a New Jersey corporation, and at all times hereinafter mentioned, an

14    employer whose employees are engaged throughout this county, the State of California, or the

15    various states of the United States of America.

16        12.    Defendant WORLD SAVINGS, INC. was and is, upon information and belief, a

17    California corporation, and at all times hereinafter mentioned, an employer whose employees are

18    engaged throughout this county, the State of California, or the various states of the United States

19    of America.

20        13.    Defendant WACHOVIA EQUITY SERVICING, LLC was and is, upon information

21    and belief, a New Jersey limited liability corporation, and at all times hereinafter mentioned, an

22    employer whose employees are engaged throughout this county, the State of California, or the

23    various states of the United States of America.

24        14.    Defendant WACHOVIA BANK, N.A. was and is, upon information and belief, a

25    business entity form unknown, doing business, and at all times hereinafter mentioned, an

26    employer whose employees are engaged throughout this county, the State of California, or the

27    various states of the United States of America.

28

15.    Defendant WACHOVIA CORPORATION was and is, upon information and belief, a business entity form unknown, doing business, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

16.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities become known.

17.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of WACHOVIA FINANCIAL SERVICES, INC., WACHOVIA MORTGAGE CORPORATION, WACHOVIA SERVICES, INC., WORLD MORTGAGE COMPANY, WACHOVIA COMMERCIAL MORTGAGE, INC. WORLD SAVINGS, INC., WACHOVIA EQUITY SERVICING, LLC, WACHOVIA BANK, N.A. and/or WACHOVIA CORPORATION were acting on behalf of WACHOVIA FINANCIAL SERVICES, INC., WACHOVIA MORTGAGE CORPORATION, WACHOVIA SERVICES, INC., WORLD MORTGAGE COMPANY, WACHOVIA COMMERCIAL MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA EQUITY SERVICING, LLC, WACHOVIA BANK, N.A. and/or WACHOVIA CORPORATION.

18.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, WACHOVIA FINANCIAL SERVICES, INC., WACHOVIA MORTGAGE CORPORATION, WACHOVIA SERVICES, INC., WORLD MORTGAGE COMPANY, WACHOVIA COMMERCIAL MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA EQUITY SERVICING, LLC, WACHOVIA BANK, N.A. and/or WACHOVIA CORPORATION and DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

19.    At all times herein mentioned, Defendants, and each of them, ratified each and every

- 4 -
COMPLAINT

1  act or omission complained of herein.  At all times herein mentioned, Defendants, and each of

2  them, aided and abetted the acts and omissions of each and all of the other Defendants in

3  proximately causing the damages herein alleged.

4      20.  Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is

5  in some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

6  occurrences, and transactions alleged herein.

7  <u>**GENERAL ALLEGATIONS**</u>

8      21.  Plaintiff intends to seek penalties for violations of the <u>California Labor Code</u>, which

9  are recoverable under <u>California Labor Code</u> §§ 2699 <u>et seq.</u> Plaintiff is seeking penalties on

10  behalf of the State of California of which 75% will be kept by the state, while 25% will be

11  available to aggrieved employees.  Plaintiff is alleging PAGA penalties from August 1, 2006 to

12  the date of the resolution of this lawsuit.

13      22.  At all times set forth, Defendants employed Plaintiff and other persons as non-exempt

14  or hourly paid employees.

15      23.  Defendants employed Plaintiff as a "Loan Representative," which is a non-exempt or

16  hourly paid position, from on or about August 2006 to on or about February 2007, at Alameda

17  County business locations.

18      24.  Defendants continue to employ non-exempt or hourly paid employees within

19  California.

20      25.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

21  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

22  advisors knowledgeable about California labor and wage law and employment and personnel

23  practices, and about the requirements of California law.

24      26.  Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

25  have known that Plaintiff and other aggrieved employees were entitled to receive certain wages for

26  overtime compensation and that they were not receiving certain wages for overtime compensation.

27      27.  Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

28

1  have known that Plaintiff and other aggrieved employees were entitled to receive all the wages

2  owed to them upon discharge.

3     28.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

4  have known that Plaintiff and other aggrieved employees were entitled to receive complete and

5  accurate wage statements in accordance with California law.

6     29.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

7  have known that Plaintiff and other aggrieved employees were entitled to receive all meal periods

8  or payment of one hour of pay at their regular rate of pay when they did not receive a timely

9  uninterrupted meal period.

10    30.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

11  have known that Plaintiff and other aggrieved employees were entitled to receive all rest periods

12  or payment of one hour of pay at their regular rate of pay when a rest period was missed.

13    31.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

14  mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff

15  and other aggrieved employees, and that Defendants had the financial ability to pay such

16  compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to

17  Plaintiff and other aggrieved employees that they were properly denied wages, all in order to

18  increase Defendants' profits.

19    32.    At all times herein set forth, the California Labor Code § 2699 was applicable to

20  Plaintiff's employment by Defendants.

21    33.    At all times herein set forth, California Labor Code § 2699, "The Labor Code Private

22  Attorneys General Act" (hereinafter "PAGA"), provides that for any provision of law under the

23  Labor Code that provides for a civil penalty to be assessed and collected by the Labor and

24  Workforce Development Agency for violation of the Labor Code, may, as an alternative, be

25  recovered through a civil action brought by an aggrieved employee on behalf of himself and other

26  current or former employees pursuant to procedures outlines in California Labor Code § 2699.3.

27    34.    Pursuant to California Labor Code § 2699, a civil action under PAGA may be brought

28

1 | by an "aggrieved employee," who is any person that was employed by the alleged violator and

2 | against whom one or more of the alleged violations was committed.

3 |     35.    Plaintiff was employed by the Defendants and the alleged violations were committed

4 | against him during his time of employment and is therefore, an aggrieved employee.

5 |     36.    Pursuant to California Labor Code §§ 2699.3 and 2699.5 an aggrieved employee,

6 | including Plaintiff, may as a matter of right amend an existing complaint to add a cause of action

7 | arising under Labor Code § 2699 only after the following requirements have been met:

8 |     a.   The aggrieved employee shall give written notice (hereinafter "Notice") by

9 |     certified mail to the Labor and Workforce Development Agency (hereinafter

10 |     "Agency") and the employer of the specific provisions of the Labor Code alleged to

11 |     have been violated, including the facts and theories to support the alleged violation.

12 |     b.   The Agency shall notify the employer and the aggrieved employee by certified mail

13 |     that it does not intend to investigate the alleged violation within thirty (30) calendar

14 |     days of the postmark date of the Notice. Upon receipt of the Notice or if no Notice is

15 |     provided within thirty-three (33) calendar days of the postmark date of the Notice, the

16 |     aggrieved employee may amend an existing complaint within sixty days of receiving

17 |     the Notice that the Agency does not intend to investigate the alleged violation, to add a

18 |     cause of action pursuant to Labor Code § 2699 to recover civil penalties in addition to

19 |     any other penalties that the employee may be entitled to.

20 |     37.    Plaintiff provided written notice by certified mail to the Agency and the Defendants of

21 | the specific provisions of the Labor Code alleged to have been violated, including the facts and

22 | theories to support the alleged violations.

23 |     38.    Plaintiff has, therefore, satisfied the requirements of California Labor Code § 2699.3

24 | and may recover civil penalties, in addition to other remedies, for violations of California Labor

25 | Code §§ 201, 202, 204, 226(a), 226.7(a), 510, 512, and 1198.

26 | \\

27 | \\

28 |

01/29/2008 TUE 13:36 FAX   861 9051 Iniative Legal Group   ☑010/021

### FIRST CAUSE OF ACTION

#### Violation of California Labor Code §§ 510 and 1198

#### (Against all Defendants)

39.   Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 38.

40.   At all times herein set forth, California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either at one-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

41.   Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other aggrieved employees who worked more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of one-and-one-half times the regular rate for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

42.   The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other aggrieved employees who worked more than twelve (12) hours in a day, overtime compensation at a rate of two-times his or her regular rate of pay.

43.   At all times herein set forth, California Labor Code § 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

44.   During the relevant time period, Plaintiff and other aggrieved employees consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, or in excess of forty (40) hours in a week.

01/29/2008 TUE 13:37  FAX    861 9051 Iniative Legal Group                    ☒011/021

45.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and other aggrieved employees.

46.     During the relevant time period, Plaintiff and other aggrieved employees regularly performed non-exempt work in excess of fifty percent (50%) of the time, and were thus subject to the overtime requirements of California law.

47.     Defendants' failure to pay Plaintiff and other aggrieved employees the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code §§ 510 and 1198, and is therefore unlawful.

48.     Pursuant to the civil penalties provided for in California Labor Code § 2699(f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 510, 1194 and 1198.

### SECOND CAUSE OF ACTION

### Willful Violation of California Labor Code § 226(a)

### (Against all Defendants)

49.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 48.

50.     Defendants have intentionally failed to provide employees with complete and accurate wage statements that include, among other things, the social security number of Plaintiff and other aggrieved employees.

51.     Pursuant to California Labor Code §§ 2699(f) and 226.3, the State of California, Plaintiff and other aggrieved employees are entitled to recover from Defendants the greater of the actual damages caused by Defendants' failure to comply with California Labor Code § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee, and an award of costs and reasonable attorney's fees.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7(a) and 512(a)**

**(Against all Defendants)**

52.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 51.

53.    At all times herein set forth, the California IWC Wage Order and California Labor Code §§ 226.7(a) and 512(a) were applicable to Plaintiff's employment with Defendants.

54.    At all times herein set forth, California Labor Code § 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

55.    At all times herein set forth, California Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

56.    At all times herein set forth, California Labor Code § 512(a) further provides that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57.    During the relevant time period, Plaintiff and the other aggrieved employees who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

58.    During the relevant time period, Plaintiff and the other aggrieved employees who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods

- 10 -
COMPLAINT

1  longer than five (5) hours without a meal period of not less than thirty (30) minutes.

2      59.    During the relevant time period, Plaintiff and the other aggrieved employees who were

3  scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did

4  not waive their legally-mandated meal periods by mutual consent were required to work in excess

5  of ten (10) hours without receiving a second meal period of not less than thirty (30) minutes.

6      60.    During the relevant time period, Plaintiff and the other aggrieved employees who were

7  scheduled to work for a period of time in excess of twelve (12) hours were required to work for

8  periods longer than ten (10) hours without a meal period of not less than thirty (30) minutes.

9      61.    During the relevant time period, Defendants willfully required Plaintiff and other

10  aggrieved employees to work during meal periods and failed to compensate Plaintiff for work

11  performed during those meal periods.

12      62.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code

13  §§ 226.7(a) and 512(a).

14      63.    Pursuant to the civil penalties provided for in California Labor Code § 2699(f) and (g),

15  the State of California, Plaintiff and the other aggrieved employees are entitled to recover civil

16  penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial

17  violation and two hundred dollars ($200) for each aggrieved employee per pay period for each

18  subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§

19  226.7(a) and 512(a).

20                          **FOURTH CAUSE OF ACTION**

21                    **Violation of California Labor Code § 226.7(a)**

22                          **(Against all Defendants)**

23      64.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

24  allegations set out in paragraphs 1 through 63.

25      65.    At all times herein set forth, the applicable IWC Wage Order and California Labor

26  Code § 226.7(a) was applicable to Plaintiff's and the other aggrieved employees' employment by

27  Defendants.

28

- 11 -
COMPLAINT

01/29/2008 TUE 13:37  FAX    861 9051 Iniative Legal Group                    ☒014/021

66.    At all times herein set forth, <u>California Labor Code</u> § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

67.    At all material times set forth herein, Defendants required Plaintiff and the other aggrieved employees to work in excess of four (4) hours without providing a ten (10) minute rest period.

68.    At all material times set forth herein, Defendants required Plaintiff and the other aggrieved employees to work an additional four (4) hours without providing a second ten (10) minute rest period.

69.    At all material times set forth herein, Defendants required Plaintiff and the other aggrieved employees to work during rest periods and failed to compensate Plaintiff and the other aggrieved employees for work performed during rest periods.

70.    Defendants' conduct violates the applicable IWC Wage Order and <u>California Labor Code</u> 226.7(a).

71.    Pursuant to the civil penalties provided for in <u>California Labor Code</u> § 2699(f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of <u>California Labor Code</u> § 226.7(a).

### FIFTH CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §§ 201 and 202

### (Against all Defendants)

72.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 71.

73.    At all times herein set forth, <u>California Labor Code</u> §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due

1  and payable immediately, and that if an employee voluntarily leaves his or her employment, his or

2  her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless

3  the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in

4  which case the employee is entitled to his or her wages at the time of quitting.

5      74.    During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved

6  employees their wages, earned and unpaid, either at the time of discharge, or within seventy-two

7  (72) hours of leaving Defendants' employ.

8      75.    Defendants' failure to pay Plaintiff and other aggrieved employees their wages earned

9  and unpaid at the time of discharge, or within seventy-two (72) hours of his leaving Defendants'

10  employ, is in violation of California Labor Code §§ 201 and 202.

11      76.    Pursuant to California Labor Code § 2699(f) and (g), the State of California, Plaintiff

12  and the other aggrieved employees are entitled to recover civil penalties in the amount of one

13  hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and

14  two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

15  violation, plus costs and attorney's fees, for violations of the Labor Code §§ 201 and 202.

16                          **SIXTH CAUSE OF ACTION**

17                   **Violation of California Labor Code § 204**

18                        **(Against all Defendants)**

19      77.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

20  allegations set out in paragraphs 1 through 76.

21      78.    At all times herein set forth, California Labor Code § 204 provides that all wages

22  earned by any person in any employment between the 1st and the 15th days, inclusive of any

23  calendar month, other than those wages due upon termination of an employee, are due and payable

24  between the 16th and the 26th day of the month during which the labor was performed.

25      79.    At all times herein set forth, California Labor Code § 204 further provides that all

26  wages earned by any person in any employment between the 16th and the last day, inclusive of any

27  calendar month, other than those wages due upon termination of an employee, are due and payable

28

01/29/2008 TUE 13:37 FAX    861 9051 Iniative Legal Group                    @016/021

1  between the 1st and the 10th day of the following month.

2      80.  Additionally, California Labor Code § 204 provides that all wages earned for labor in

3  excess of the normal work period shall be paid no later than the payday for the next regular payroll

4  period.

5      81.  During the relevant time period, Defendants willfully failed to pay Plaintiff and the

6  other aggrieved employees the regular and overtime wages due to them, within any time period

7  permissible by California Labor Code § 204.

8      82.  Pursuant to the civil penalties provided for in California Labor Code § 2699(f) and (g),

9  the State of California, Plaintiff and other aggrieved employees are entitled to recover civil

10  penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial

11  violation and two hundred dollars ($200) for each aggrieved employee per pay period for each

12  subsequent violation, plus costs and attorneys' fees for violation of California Labor Code § 204.

13  <center>**REQUEST FOR JURY TRIAL**</center>

14      Plaintiff requests a trial by jury.

15  <center>**PRAYER FOR RELIEF**</center>

16      Plaintiff, and on behalf of all other aggrieved employees similarly situated, prays for relief

17  and judgment against Defendants, jointly and severally, as follows:

18  <center>As to the First Cause of Action</center>

19      1.  For general unpaid wages at overtime wage rates and such general and special

20  damages as may be appropriate;

21      2.  For pre-judgment interest on any unpaid overtime compensation from the date such

22  amounts were due;

23      3.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

24  California Labor Code § 1194(a);

25      4.  For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the

26  amount of $100 dollars for each violation per pay period for the initial violation and $200 for each

27  aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

28

<center>- 14 -</center>
<center>COMPLAINT</center>

1    for violation of California Labor Code §§ 510, 1194 and 1198; and

2        5.    For such other and further relief as the Court may deem equitable and appropriate.

3                    As to the Second Cause of Action

4        6.    For all actual, consequential and incidental losses and damages, according to proof;

5        7.    For costs of suit incurred herein;

6        8.    For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the

7    amount of $100 dollars for each violation per pay period for the initial violation and $200 for each

8    aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

9    for violation of California Labor Code § 226(a); and

10       9.    For such other and further relief as the Court may deem equitable and appropriate.

11                    As to the Third Cause of Action

12      10.    For all actual, consequential and incidental losses and damages, according to proof;

13      11.    For costs of suit incurred herein;

14      12.    For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the

15   amount of $100 dollars for each violation per pay period for the initial violation and $200 for each

16   aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

17   for violation of California Labor Code §§ 226.7(a) and 512; and

18      13.    For such other and further relief as the Court may deem equitable and appropriate.

19                    As to the Fourth Cause of Action

20      14.    For all actual, consequential and incidental losses and damages, according to proof;

21      15.    For costs of suit incurred herein;

22      16.    For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the

23   amount of $100 dollars for each violation per pay period for the initial violation and $200 for each

24   aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

25   for violation of California Labor Code § 226.7(a); and

26      17.    For such other and further relief as the Court may deem appropriate.

27   \\

28

<div align="center">As to the Fifth Cause of Action</div>

18.   For all actual, consequential and incidental losses and damages, according to proof;

19.   For reasonable attorneys' fees and for costs of suit incurred herein;

20.   For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 201 and 202; and

21.   For such other and further relief as the Court may deem equitable and appropriate.

<div align="center">As to the Sixth Cause of Action</div>

22.   For all actual, consequential and incidental losses and damages, according to proof;

23.   For pre-judgment interest on any untimely paid compensation, from the date such amounts were due;

24.   For reasonable attorneys' fees and costs of suit incurred herein;

25.   For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code § 204; and

26.   For such other and further relief as the Court may deem equitable and appropriate.

Dated: January 29, 2008                         Respectfully submitted,

                                               INITIATIVE LEGAL GROUP, LLP

                                               By: _____
                                               Mark Yablonovich
                                               Marc Primo
                                               Mónica Balderrama
                                               Attorneys for Plaintiff and all other
                                               aggrieved employees

<div align="center">- 16 -
COMPLAINT</div>

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
**ENDORSED
FILED
ALAMEDA COUNTY**

JAN 29 2008

CLERK OF THE SUPERIOR COURT
By _____ M. ORTIZ

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation; WACHOVIA MORTGAGE CORPORATION, a North Carolina corporation; WACHOVIA SERVICES, INC., a North Carolina corporation; WORLD MORTGAGE COMPANY, a Colorado corporation; WACHOVIA COMMERCIAL MORTGAGE, INC., a New Jersey Corporation; WORLD SAVINGS, INC., a California corporation; WACHOVIA EQUITY SERVICING, LLC, a New Jersey limited liability corporation; WACHOVIA BANK, N.A. a business entity form unknown; WACHOVIA CORPORATION, a business entity form unknown; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RONALD CHIN, individually, and on behalf of other members of the general public similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of State of California, County of Alameda<br><br>1225 Fallon Street<br><br>Oakland, California 94610 | CASE NUMBER:<br>*(Número del Caso):*  RG08 368375 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc Primo (SBN 216796), Mónica Balderrama (SBN 196424), Initiative Legal Group, LLP
1800 Century Park East, Second Floor, Los Angeles, California 90067, Telephone (310) 556-5637

| DATE:<br>*(Fecha)* 1-29-08 | PAT S. SWEETEN Clerk, by _____ M. Ortiz | , Deputy<br>*(Adjunto)* |
|---|---|---|
| | *(Secretario)* | |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   WACHOVIA SERVICES, INC.,
3. ☒ on behalf of *(specify):*  A NORTH CAROLINA CORPORATION

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marc Primo (SBN 216796), Mónica Balderrama (SBN 196424)<br>Initiative Legal Group LLP<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA 90012<br>TELEPHONE NO.: 310.556.5637   FAX NO.: 310.861.9051<br>ATTORNEY FOR *(Name):* Ronald Chin | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>JAN 29 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By **M. ORTIZ** Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94610
BRANCH NAME: Rene C. Davidson Courthouse

| CASE NAME:<br>Chin vs. Wachovia Financial Services, Inc., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>RG08 368375 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7 (Seven)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 29, 2008
Mónica Balderrama
_____
(TYPE OR PRINT NAME)        /s/ Mónica Balderrama
                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

F. ADDENDUM TO CIVIL CASE COVER SHEET                    *Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Chin vs. Wachovia Financial Services, Inc., et al. | |

### CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| | [ ] Hayward Hall of Justice (447) |
|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [X] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs    [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

202-19 (5/1/00)                                                                                 A-13

# EXHIBIT D

### Superior Court of California, County of Alameda



### Notice of Judicial Assignment for All Purposes

Case Number: RG08368375
Case Title:    Chin VS Wachovia Financial Services, Inc.
Date of Filing: 01/29/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

|  |  |
|---|---|
| Judge: | Lawrence John Appel |
| Department: | 16 |
| Address: | Administration Building |
|  | 1221 Oak Street |
|  | Oakland  CA  94612 |
| Phone Number: | (510) 267-6932 |
| Fax Number: | (510) 267-1504 |
| Email Address: |  |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULE 3.135.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Lawrence John Appel
DEPARTMENT 16

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 16

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Tuesdays through Thursdays from 9:45 a.m. to 4:30 p.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Fridays at 9:00 a.m.
- Case Management Conference Continuances: Tuesdays through Thursdays at 9:30 a.m.
- Law and Motion matters are heard: Mondays at 9:00 a.m. and 3:00 p.m.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Tuesdays and Fridays at 9:00 a.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Phone:         (510) 267-6932

      Fax (510) 272-6171

- Ex Parte Matters
  Phone:         (510) 267-6932

      Fax (510) 272-6171

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rule 3.30(c). Tentative rulings will become the Court's order unless contested. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone: 1-866-223-2244

Dated:  02/01/2008                          Executive Officer / Clerk of the Superior Court

                                      By  _____
                                                    Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/04/2008

                                      By  _____
                                                    Deputy Clerk

# EXHIBIT E

Initiative Legal Group, Inc.
Attn: Primo Esq, Marc
1800 Century Park East
Second Floor
Los Angeles, CA   90067

## Superior Court of California, County of Alameda

| | |
|---|---|
| Chin <br> **Plaintiff/Petitioner(s)** <br> VS. <br> Wachovia Financial Services, Inc. <br> **Defendant/Respondent(s)** <br> (Abbreviated Title) | No. RG08368375 <br><br> **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** <br> Unlimited Jurisdiction |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 06/12/2008 <br> Time: 09:00 AM | Department: 16 <br> Location: **Administration Building** <br> **Third Floor** <br> **1221 Oak Street, Oakland CA 94612** <br> Internet: **http://www.alameda.courts.ca.gov** | Judge: **Lawrence John Appel** <br> Clerk: **Ana Liza Tumonong** <br> Clerk telephone: **(510) 267-6932** <br> E-mail: <br> Fax: **(510) 267-1504** |
|---|---|---|

### ORDERS

1. You must:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));**
   b. **Give notice of this conference to any party not included in this notice and file proof of service;**
   c. **Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;**
   d. **File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)**

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/04/2008.

By

Deputy Clerk