| | |
|---|---|
| 1 | MALCOLM A. HEINICKE (SBN 194174) |
| 2 | Malcolm.Heinicke@mto.com |
|   | KATHLEEN M. McDOWELL (SBN 115976) |
| 3 | Kathleen.McDowell@mto.com |
|   | J. RAZA LAWRENCE (SBN 233771) |
| 4 | Raza.Lawrence@mto.com |
|   | MUNGER, TOLLES & OLSON LLP |
| 5 | 560 Mission Street |
|   | Twenty-Seventh Floor |
| 6 | San Francisco, CA  94105-2907 |
| 7 | Telephone:     (415) 512-4000 |
|   | Facsimile:      (415) 512-4077 |
| 8 | |
|   | Attorneys for Defendants |
| 9 | WACHOVIA FINANCIAL SERVICES, WACHOVIA |
|   | MORTGAGE CORPORATION, WACHOVIA SHARED |
| 10 | RESOURCES, LLC (erroneously sued as Wachovia |
|    | Services, Inc.), WORLD MORTGAGE COMPANY, |
| 11 | WACHOVIA COMMERCIAL MORTGAGE, INC., |
| 12 | WORLD SAVINGS, INC., WACHOVIA EQUITY |
|    | SERVICING, LLC, WACHOVIA BANK, N.A., and |
| 13 | WACHOVIA CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD CHIN, individually, and on behalf of all other similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act, | | CASE NO.  C08-01320-CW |
| Plaintiff, | | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | | |
| WACHOVIA FINANCIAL SERVICES, INC.; WACHOVIA MORTGAGE CORPORATION; WACHOVIA SERVICES, INC.; WORLD MORTGAGE COMPANY; WACHOVIA COMMERCIAL MORTGAGE, INC.; WORLD SAVINGS, INC.; WACHOVIA EQUITY SERVICING, LLC; WACHOVIA BANK, N.A.; WACHOVIA CORPORATION; and DOES 1 through 10, inclusive, | | |
| Defendants. | | |

4741739.1

**DEFENDANTS' ANSWER
CASE NO. C08-01320-CW**

Defendants Wachovia Financial Services, Inc.; Wachovia Mortgage Corporation; Wachovia Shared Resources, LLC (erroneously sued as Wachovia Services, Inc.); World Mortgage Company; Wachovia Commercial Mortgage, Inc.; World Savings, Inc.; Wachovia Equity Servicing, LLC; Wachovia Bank, N.A.; and Wachovia Corporation (herein referred to collectively as "Defendants") hereby answer the allegations contained in the purported Class Action Complaint ("Complaint") filed by Plaintiff Ronald Chin ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. The allegations in Paragraph No. 1 state conclusions of law to which no response is required. To the extent such a response is required, Defendants admit that the Court has jurisdiction over the matters as currently alleged.

2. The allegations in Paragraph No. 2 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 2.

3. The allegations in Paragraph No. 3 state conclusions of law to which no response is required. To the extent such a response is required, Defendants admit that venue properly lies in this district, but deny that all Defendants maintain offices, have agents, and are licensed to and do transact business in this district.

4. The allegations in Paragraph No. 4 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 4.

5. Defendants deny the allegations of Paragraph 5.

## THE PARTIES

6. Defendants lack specific knowledge concerning Plaintiff's current residence, and on that basis, deny the allegations of Paragraph 6.

7. Defendants admit that Wachovia Financial Services, Inc. is a corporation incorporated under the laws of North Carolina, and it currently has no employees.

8. Defendants admit that Wachovia Mortgage Corporation is a corporation incorporated under the laws of North Carolina, and prior to 2008 employed employees in other

1 | states but not in this district or in California, before it was merged into World Mortgage
2 | Company.

3 |     9.  Wachovia Services, Inc. has been merged into Wachovia Shared
4 | Resources, LLC which is a limited liability company formed under the laws of Delaware, and it
5 | currently employees in this district, in California, and in other states.

6 |     10.  Defendants admit that World Mortgage Company is a corporation
7 | incorporated under the laws of Colorado, and that it currently employs employees in this district,
8 | in California, and in other states.

9 |     11.  Defendants admit that Wachovia Commercial Mortgage, Inc. is a
10 | corporation incorporated under the laws of New Jersey, and it currently has no employees.

11 |     12.  Defendants admit that World Savings, Inc. is a corporation incorporated
12 | under the laws of California, and that it currently has no employees.

13 |     13.  Defendants admit that Wachovia Equity Servicing LLC is a limited
14 | liability company formed under the laws of New Jersey, and that it currently has no employees.

15 |     14.  Defendants admit that Wachovia Bank N.A. is a national banking
16 | association chartered under the laws of the United States, and that it employs employees in this
17 | district, in California, and in other states.

18 |     15.  Defendants admit that Wachovia Corporation is a corporation incorporated
19 | under the laws of North Carolina, and that it employs employees in North Carolina, but not in this
20 | district or in California.

21 |     16.  The allegations in Paragraph No. 16 state unnamed or "DOE defendant
22 | allegations and/or conclusions of law to which no response is required. To the extent such a
23 | response is required, Defendants deny the allegations in Paragraph No. 16.

24 |     17.  The allegations in Paragraph No. 17 state unnamed or "DOE defendant
25 | allegations and/or conclusions of law to which no response is required. To the extent such a
26 | response is required, Defendants deny the allegations in Paragraph No. 17.

27 |     18.  The allegations in Paragraph No. 18 state conclusions of law to which no
28 | response is required. To the extent such a response is required, Defendants deny the allegations

in Paragraph No. 18.

19. The allegations in Paragraph No. 19 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 19.

20. The allegations in Paragraph No. 20 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 20.

## GENERAL ALLEGATIONS

21. The allegations in Paragraph No. 21 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 21.

22. Defendants admit that World Mortgage Company employed Plaintiff and others as non-exempt employees, and that other Defendants also employed non-exempt employees. Defendants deny the other allegations in Paragraph 22.

23. Defendants admit that World Mortgage Company employed Plaintiff as a Loan Representative II from August 14, 2006 until February 15, 2007 within Alameda County. Defendants deny the other allegations in Paragraph 23.

24. Defendants admit that one or more of them continue to employ non-exempt employees in California. Defendants deny the other allegations in Paragraph 24.

25. Defendants admit that, from time to time, they have been advised by lawyers and other knowledgeable professionals in labor and wage law, employment and personnel policies. Defendants deny the other allegations in Paragraph 25.

26. Defendants admit that they were aware of the overtime requirements, but specifically deny that Plaintiff or others were not properly paid for overtime. Defendants deny the other allegations in Paragraph 26.

27. Defendants admit that they were aware of the requirements to pay all wages due upon discharge, but specifically deny that Plaintiff or others were not properly paid for all wages upon discharge. Defendants deny the other allegations in Paragraph 27.

28. Defendants admit that they were aware of the requirements for employees to receive complete and accurate wage statements, but specifically deny that Plaintiff or others did not receive complete and accurate wage statements. Defendants deny the other allegations in Paragraph 28.

29. Defendants admit that they were aware of the meal period requirements, but specifically deny that Plaintiff or others were not properly provided meal periods or paid for meal periods. Defendants deny the other allegations in Paragraph 29.

30. Defendants admit that they were aware of the rest period requirements, but specifically deny that Plaintiff or others were not properly provided rest periods or paid for rest periods. Defendants deny the other allegations in Paragraph 30.

31. The allegations in Paragraph No. 31 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 31.

32. The allegations in Paragraph No. 32 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 32.

33. The allegations in Paragraph No. 33 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 33.

34. The allegations in Paragraph No. 34 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 34.

35. Defendants admit that World Mortgage Company employed Plaintiff as a Loan Representative II from August 14, 2006 until February 15, 2007 within Alameda County. Defendants deny the other allegations in Paragraph 35.

36. The allegations in Paragraph No. 36 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 36.

1   37.   Defendants deny the allegations of Paragraph 37.

2   38.   The allegations in Paragraph No. 38 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 38.

### FIRST CAUSE OF ACTION

39.   The allegations in Paragraph No. 39 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 39 not specifically admitted elsewhere.

40.   The allegations in Paragraph No. 40 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 40.

41.   The allegations in Paragraph No. 41 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 41.

42.   The allegations in Paragraph No. 42 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 42.

43.   The allegations in Paragraph No. 43 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 43.

44.   Defendants deny the allegations in Paragraph 44.

45.   Defendants deny the allegations in Paragraph 45.

46.   The allegations in Paragraph No. 46 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 46.

47.   The allegations in Paragraph No. 47 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 47.

48. The allegations in Paragraph No. 48 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 48.

## SECOND CAUSE OF ACTION

49. The allegations in Paragraph No. 49 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 49 not specifically admitted elsewhere.

50. Defendants deny the allegations in Paragraph 50.

51. The allegations in Paragraph No. 51 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 51.

## THIRD CAUSE OF ACTION

52. The allegations in Paragraph No. 52 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 52 not specifically admitted elsewhere.

53. The allegations in Paragraph No. 53 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 53.

54. The allegations in Paragraph No. 54 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 54.

55. The allegations in Paragraph No. 55 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 55.

56. The allegations in Paragraph No. 56 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. The allegations in Paragraph No. 62 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 62.

63. The allegations in Paragraph No. 63 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 63.

## FOURTH CAUSE OF ACTION

64. The allegations in Paragraph No. 64 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 64 not specifically admitted elsewhere.

65. The allegations in Paragraph No. 65 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 65.

66. The allegations in Paragraph No. 66 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. The allegations in Paragraph No. 70 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 70.

71. The allegations in Paragraph No. 71 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations

in Paragraph No. 71.

## FIFTH CAUSE OF ACTION

72. The allegations in Paragraph No. 72 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 72 not specifically admitted elsewhere.

73. The allegations in Paragraph No. 73 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 73.

74. Defendants deny the allegations in Paragraph 74.

75. The allegations in Paragraph No. 75 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 75.

76. The allegations in Paragraph No. 76 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 76.

## SIXTH CAUSE OF ACTION

77. The allegations in Paragraph No. 77 reincorporate previous asserted allegations and so no additional response is required. To the extent a response is required, Defendants deny any allegations in Paragraph 77 not specifically admitted elsewhere.

78. The allegations in Paragraph No. 78 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 78.

79. The allegations in Paragraph No. 79 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 79.

80. The allegations in Paragraph No. 80 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 80.

81. Defendants deny the allegations in Paragraph 81.

82. The allegations in Paragraph No. 82 state conclusions of law to which no response is required. To the extent such a response is required, Defendants deny the allegations in Paragraph No. 82.

## REQUEST FOR JURY TRIAL

Defendants deny that Plaintiff is entitled to a jury trial on all claims presented in the Complaint. Defendants deny that all allegations not specifically admitted herein, and deny that Plaintiff or others are entitled to the relief sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendants, without admitting any of the allegations in Plaintiff's Complaint, assert the following separate and independent affirmative defenses. Defendants do not, by stating the matters set forth in these defenses, allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters, and do not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion.

### First Affirmative Defense

1. The Complaint, and some or all of the alleged causes of action contained therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. The Complaint, and each of the alleged causes of action contained therein, is barred, either in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and/or 343, and the one-year statute of limitations applicable to penalties under the Labor Code.

### Third Affirmative Defense

3. The Complaint, and at least some of the alleged causes of action or prayers for relief contained therein, are barred, in whole or in part, because Plaintiff lacks standing and/or does not have a private right of action to pursue the claim asserted.

### Fourth Affirmative Defense

4. The Complaint, and at least some of the alleged causes of action or claims

contained therein, are barred, in whole or in part, by the doctrine of laches.

### Fifth Affirmative Defense

5. The Complaint, and at least some of the alleged causes of action or claims contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense

6. Without admitting any wrongful conduct by Defendants, Plaintiff's claims are barred by the doctrine of waiver, estoppel, or both.

### Seventh Affirmative Defense

7. The Complaint, and each of the alleged causes of action contained therein, fails, in whole or in part, because Defendants acted in good faith at all times.

### Eighth Affirmative Defense

8. Each cause of action in the Complaint is barred because Plaintiff has agreed to arbitrate all of his claims arising out of his employment relationship with any of the Defendants.

### Ninth Affirmative Defense

9. The Complaint, and each of the alleged causes of action contained therein, is barred, in whole or in part, because if Plaintiff was damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to Plaintiff's own conduct.

### Tenth Affirmative Defense

10. Plaintiff cannot establish that any of his claims are appropriate for representative action treatment.

### Eleventh Affirmative Defense

11. The claims for penalties in the Complaint are barred or limited by California law; the doctrine of express or implied statutory preemption; the due process clauses of the Fifth and Fourteenth Amendments; other constitutional and statutory protections; or a combination of the foregoing.

### Twelfth Affirmative Defense

12. Each cause of action in the Complaint is barred because Defendants neither

authorized nor ratified any wrongful conduct by any employee, agent, or representative and, as a result, cannot be held liable for penalties. Furthermore, none of its employees who are alleged to have committed wrongful acts were managing agents of Defendants.

### Thirteenth Affirmative Defense

13.     The Complaint fails to state a claim against any Defendants other than World Mortgage Company, because no other entity was the employer of Plaintiff during the allegedly pertinent times periods, and the other Defendants were not integrated enterprises with World Mortgage Company.

Defendants reserve the right to add additional affirmative defenses as they become known during the course of litigation.

### PRAYER

WHEREFORE, Defendants pray for relief as follows:

1.     That Plaintiff takes nothing by his Complaint and that such Complaint be dismissed with prejudice;

2.     That Defendants recover their costs and attorneys fees incurred herein pursuant to relevant statutes, and

1        3. That the Court grant Defendants whatever other relief it deems just and proper.

DATED: April 1, 2008

MUNGER, TOLLES & OLSON LLP
Malcolm A. Heinicke


By: /s/ Malcolm A. Heinicke
      Malcolm A. Heinicke

Attorneys for Defendants
WACHOVIA FINANCIAL SERVICES,
WACHOVIA MORTGAGE CORPORATION,
WACHOVIA SHARED RESOURCES, LLC
(erroneously sued as Wachovia Services, Inc.),
WORLD MORTGAGE COMPANY,
WACHOVIA COMMERCIAL MORTGAGE,
INC., WORLD SAVINGS, INC., WACHOVIA
EQUITY SERVICING, LLC, WACHOVIA
BANK, N.A., and WACHOVIA CORPORATION