1   MALCOLM A. HEINICKE (SBN 194174)
    Malcolm.Heinicke@mto.com
2   KATHLEEN M. McDOWELL (SBN 115976)
    Kathleen.McDowell@mto.com
3   J. RAZA LAWRENCE (SBN 233771)
    Raza.Lawrence@mto.com
4   MUNGER, TOLLES & OLSON LLP
    560 Mission Street
5   Twenty-Seventh Floor
    San Francisco, CA  94105-2907
6   Telephone:  (415) 512-4000
    Facsimile:   (415) 512-4077
7
    Attorneys for Defendants
8   WACHOVIA FINANCIAL SERVICES, WACHOVIA
    MORTGAGE CORPORATION, WACHOVIA
9   SHARED RESOURCES, LLC (erroneously sued as
    Wachovia Services, Inc.), WORLD MORTGAGE
10  COMPANY, WACHOVIA COMMERCIAL
    MORTGAGE, INC., WORLD SAVINGS, INC.,
11  WACHOVIA EQUITY SERVICING, LLC,
    WACHOVIA BANK, N.A., and WACHOVIA
12  CORPORATION

13  *Counsel for Plaintiff Listed on Next Page*

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17
    RONALD CHIN, individually, and on          CASE NOS.  4:08-cv-00684-CW and
18  behalf of other members of the general     3:08-cv-01320-CW
    public similarly situated,
19                                             **JOINT CASE MANAGEMENT
                    Plaintiff,                 STATEMENT**
20
            vs.                                **[[PROPOSED] ORDER FILED
21                                             CONCURRENTLY HEREWITH]**
    WACHOVIA FINANCIAL SERVICES,
22  INC.; WACHOVIA MORTGAGE               Conference:  June 17, 2008 (2:00
    CORPORATION; WACHOVIA                 p.m.)
23  SERVICES, INC.; WORLD
    MORTGAGE COMPANY; WACHOVIA            **The Honorable Claudia Wilken**
24  COMMERCIAL MORTGAGE, INC.;
    WORLD SAVINGS, INC.; WACHOVIA
25  EQUITY SERVICING, LLC;
    WACHOVIA BANK, N.A.;
26  WACHOVIA CORPORATION; and
    DOES 1 through 10, inclusive,
27
                    Defendants.
28

MARK YABLONOVICH (SBN 186670)
MYablonovich@InitiativeLegal.com
MARC PRIMO (SBN 216796)
MPrimo@InitiativeLegal.com
MONICA BALDERRAMA (SBN 196424)
MBalderrama@InitiativeLegal.com
REBECCA LABAT (SBN 221241)
RLabat@InitiativeLegal.com
INITIATIVE LEGAL GROUP LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff RONALD CHIN

- 2 -

1    Plaintiff Ronald Chin ("Plaintiff") and Defendants Wachovia Financial

2  Services, Wachovia Mortgage Corporation, Wachovia Shared Resources, LLC

3  (erroneously sued as Wachovia Services, Inc.), World Mortgage Company,

4  Wachovia Commercial Mortgage, Inc., World Savings, Inc., Wachovia Equity

5  Servicing, LLC, Wachovia Bank, N.A., and Wachovia Corporation ("Defendants")

6  (Plaintiff and Defendants are collectively referred to as the "Parties") hereby

7  respectfully and jointly submit their Joint Case Management Statement, pursuant to

8  Federal Rule of Civil Procedure 26(f), California Northern District Civil Local Rule

9  16-9, and the Court's Related Case Order, following the meeting of counsel which

10  took place on May 27, 2008.

11 **I.    JURISDICTION AND SERVICE**

12    This Court has original subject matter jurisdiction over these two actions

13  pursuant to the Class Action Fairness Act of 2005, codified in part at 28 U.S.C.

14  §§ 1332(d) and 1453.  All parties have been served and have appeared in the

15  actions.  No issues of personal jurisdiction or venue have been raised by the Parties.

16 **II.    SYNOPSIS OF THE CASES AND SUMMARY OF ALLEGATIONS**

17    Plaintiff was employed as a loan representative by Defendant World

18  Mortgage Company in San Leandro, California, from approximately August 2006

19  to February 2007.  Plaintiff has filed two complaints which have been deemed

20  related by this Court.  Case No. 08-00684 is a putative class action alleging that

21  Plaintiff and other similarly situated current and former non-exempt employees

22  were not paid proper overtime for all hours worked, were not properly compensated

23  for missed meal periods and missed rest periods, and were not provided with

24  properly itemized wage statements in compliance with the California Labor Code.

25  Plaintiff does not contest the fact that he was paid on an hourly basis; instead, he is

26  alleging that he was not paid for all of the time he worked, i.e., "off the clock"

27  allegations.  Case No. 08-01320 is a putative representative action in which

28  Plaintiff seeks to recover penalties pursuant to California Labor Code sections

1    2699, et seq. (the Labor Code Private Attorney General Act of 2004)("PAGA") on

2    behalf of all other aggrieved employees.  In both actions, Plaintiff has sued the

3    same nine Defendants.  Plaintiff filed these two lawsuits on January 29, 2008.  The

4    action that Plaintiff initially filed in federal court, Case No. 08-cv-00684, was

5    assigned to the Honorable Claudia Wilken.  On March 7, 2008, Defendants

6    removed the action that Plaintiff filed in state court, (now Case No.08-01320) and

7    that action was initially assigned to the Honorable Maxine M. Chesney.

8    Defendants then filed an administrative motion to consider whether the two cases

9    filed by Plaintiff should be related pursuant to Civil Local Rule 3-12.  On March

10    21, 2008, this Court ruled that the two cases filed by Plaintiff were related, and the

11    removed action, Case No. 08-cv-01320 was reassigned to the Honorable Claudia

12    Wilken.

13        Defendants have filed answers denying the material allegations set forth in

14    Plaintiff's Complaints and alleging numerous affirmative defenses.  Defendants

15    contend that the issues are not appropriate for class treatment, and that Plaintiff and

16    the other employees at issue were properly paid for the time they worked and were

17    provided with appropriate meal and rest breaks.

18    **III.    KEY LEGAL ISSUES**

19        Plaintiff submits that the key legal issues presented by these cases include:

20    •    Whether certification of Case No. 08-00684 as a class action is

21          appropriate;

22    •    Whether Defendants failed to timely pay all wages owed upon discharge

23          of employees;

24    •    Whether Defendants failed to comply with California Labor Code Section

25          226(a) requirements;

26    •    Whether Defendants properly provided meal periods and compensated

27          employees with one hour of pay at their "regular rate" of pay for each

28          meal period not provided;

- 2 -

1    • Whether Defendants properly authorized and permitted rest periods and

2        compensated employees with one hour of pay at their "regular rate" of

3        pay for each rest period that was not authorized and permitted;

4    • Whether Defendants engaged in unfair business practices in violation of

5        California Business & Professions Code §§ 17200, et seq.;

6    • The amount of damages, restitution, or monetary penalties resulting from

7        Defendants' violations of California law;

8    • The appropriateness of any injunctive remedies.

9    It is Plaintiff's position that Case No. 08-01320, the PAGA Action, is not a class

10   action, but rather, a representative action, and thus, need not comply with Rule 23

11   requirements.

12        Defendants submit that the key legal issues presented by these cases include:

13   (1) whether Plaintiff was properly paid for all the hours that he worked; (2) whether

14   Plaintiff was provided with appropriate meal and rest breaks; and (3) whether these

15   issues can be resolved for others on a class action basis.  It is Defendants' position

16   that Plaintiff may not proceed with PAGA claims on behalf of any employees other

17   than himself in Case No. 08-01320 without complying with the requirements of a

18   class action and prevailing on a class certification motion with respect to those

19   claims.

20        Plaintiff's Complaints allege that the employees at issue consistently worked

21   in excess of eight hours per day or in excess of forty hours per week and that

22   Defendants willfully failed to pay all the overtime wages owed to them.  Plaintiff's

23   Complaints also allege that Defendants willfully required the employees at issue to

24   work during meal and periods and failed to compensate the employees for work

25   performed during the meal and rest periods.

26        Defendants deny these allegations and contend that, to the extent the

27   employees at issue worked any overtime hours, they were properly paid wages for

28   those overtime hours in accordance with Defendants' clear company policies.

- 3 -

1   Specifically, Defendants contend that Plaintiff and others were paid for the hours
2   they themselves recorded on their time sheets.  Defendants also contend that they
3   had effective policies in place regarding meal and rest breaks, that the employees at
4   issue were provided with appropriate meal and rest breaks pursuant to California
5   law, and that the employees were never forced to forego any meal or rest periods
6   without pay.  Defendants submit that, in light of their company-wide policies and
7   practices requiring payment for overtime hours worked and providing for
8   appropriate meal and rest breaks, the issues presented on this case would invariably
9   turn on individualized inquiries, and for this and other reasons, these cases are not
10  appropriate for resolution on a class action basis.

11  **IV.   MOTIONS**

12          As noted above, Defendants moved for an order deeming the two Complaints
13  filed by Plaintiff related, and that administrative motion was granted.  There have
14  been no other motions filed to date in these actions.

15          The parties anticipate the filing of motions in connection with Plaintiff's
16  request for class action treatment.

17          Defendants currently plan to file motion(s) for summary judgment and/or
18  partial summary judgment with respect to Plaintiff's individual claims, and to the
19  extent a motion for class certification is entertained and granted, with respect to the
20  claims of the class members and/or purportedly aggrieved employees.

21          The Parties may also file motions with respect to initial discovery, but no
22  such motions are currently pending.

23  **V.   AMENDMENT OF PLEADINGS**

24          The Parties reserve all rights with respect to the filing of amended pleadings,
25  and anticipate that any such motions would be filed within the next two to three
26  months.  At this time, Plaintiff does not anticipate any amendments to his
27  complaints.

28

- 4 -

1  VI.   **EVIDENCE PRESERVATION**

2        Plaintiff's counsel and Defendants' counsel have taken measures with their

3  respective clients regarding preservation of relevant materials.  Specifically,

4  Defendants' counsel have provided hold directives to appropriate employees of

5  Defendants instructing them to preserve evidence, including electronic evidence,

6  that relates to the matters at issue in these lawsuits.

7  VII.  **DISCLOSURES**

8        The Parties have agreed to exchange their initial disclosures no later than

9  June 17, 2008.

10 VIII. **DISCOVERY**

11       Other than as set forth above, the Parties have not yet commenced formal

12 discovery.  The Parties anticipate deposition and written discovery as to class

13 certification issues, and as to the merits of Plaintiff's substantive allegations.  The

14 Parties anticipate that discovery relating to Plaintiff's allegations of class action will

15 be conducted within the next six to eight months, as set forth in the proposed

16 schedule below.

17 IX.   **CLASS ACTIONS**

18       Plaintiff's claims in Case No. 08-00684 have been pled as a class action.

19 Plaintiff states that he will seek certification of the class under Federal Rules of

20 Civil Procedure 23(a), 23(b)(2), and 23(b)(3).  Defendants dispute that class

21 certification would be appropriate.

22       Defendants believe that the deadline for filing any motions in connection

23 with class certification, with respect to either of Plaintiff's two complaints, should

24 be set approximately eight months from now to allow sufficient time for

25 preliminary discovery and factual investigation related to class certification issues

26 to be conducted.  Plaintiff contends that the deadline for filing any motions related

27 to class certification should be set no earlier than one year from now.

28

- 5 -

**X.    RELATED CASES**

As set forth above, there are two related cases here.  Other than this, the Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**XI.    RELIEF**

In Case No. 08-00684, Plaintiff seeks relief on behalf of himself and the putative class he seeks to represent as follows:  (1) recovery of overtime compensation for time that the employees at issue allegedly worked "off the clock"; (2) recovery of an hour of compensation at the regular hourly rate for each day in which the employees at issue allegedly were not provided with appropriate meal periods; (3) recovery of an hour of compensation at the regular hourly rate for each day in which the employees at issue allegedly were not provided with appropriate rest periods; and (3) recovery of associated penalties and attorney fees.

In Case No. 08-01320, Plaintiff only seeks to recover penalties pursuant to California Labor Code sections 2699, et seq. (the Labor Code Private Attorney General Act of 2004)("PAGA").

**XII.    SETTLEMENT AND ADR**

The Parties have complied with ADR L.R. 3-5 in meeting and conferring to select an ADR process, and have agreed to private mediation as a form of ADR in these matters.  The Court has signed an order requiring the Parties to conduct the mediation by January 31, 2009.  Defendants have fulfilled the requirements of ADR L.R. 3-5 by filing completed ADR Certifications, and Plaintiff is in the process of completing and filing ADR Certifications.

**XIII. MAGISTRATE JUDGE**

The Parties respectfully decline to have a Magistrate Judge preside over the proceedings.

**XIV. OTHER REFERENCES**

No other references are applicable or suitable at this time.

- 6 -

1    **XV.    NARROWING OF ISSUES**

2      Other than as indicated herein, at this time the Parties do not find any issues

3    which can be narrowed by motion or agreement in these cases.

4    **XVI.    EXPEDITED SCHEDULE**

5      The Parties do not believe that this is the type of case that can be handled on

6    an expedited basis with streamlined procedures.

7    **XVII. SCHEDULING**

8      The Parties respectfully submit that it would be appropriate to set a deadline

9    for filing any motions relating to class certification.  Defendants believe that a

10   deadline of February 27, 2009, would be appropriate, while Plaintiff believes that it

11   would be more appropriate to set a deadline of June 15, 2009.  To the extent a party

12   wishes to file a motion on class certification prior to the deadline that is ultimately

13   set by the Court, this deadline shall not preclude such an earlier filing.  The Parties

14   further submit that it is premature to set pre-trial or trial dates before the Court has

15   ruled on any class certification motion.

16   **XVIII.    TRIAL**

17     Plaintiff has demanded jury trials.  If Case No. 08-00684 is not certified as a

18   class action, Defendants expect trial to last approximately one day.  If Case No. 08-

19   00684 is certified as a class action, the Parties expect the trial to last approximately

20   two to three weeks, depending upon various issues that have yet to be resolved.

21   Plaintiff expects trial of Case No. 08-01320, the PAGA action, to last

22   approximately two weeks.

23   **XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

24     Defendants filed Certifications of Interested Entities, pursuant to Civil Local

25   Rule 3-16, on March 7, 2008.  In those certifications, Defendants identified the

26   following listed entities that either (i) have a financial interest in the subject matter

27   in controversy or in a party to the proceeding, or (ii) have a non-financial interest in

28

1  that subject matter or in a party that could be substantially affected by the outcome

2  of this proceeding:

3       <u>Named Defendants</u>:

4       Wachovia Financial Services, Inc.

5       Wachovia Mortgage Corporation

6       Wachovia Services, Inc.*

7       World Mortgage Company

8       Wachovia Commercial Mortgage, Inc.

9       World Savings, Inc.

10      Wachovia Equity Servicing, LLC

11      Wachovia Bank, N.A.

12      Wachovia Corporation (publicly traded under stock symbol "WB")

13      <u>Additional Interested Entities</u>:

14      *Wachovia Shared Resources, LLC (successor-in-interest to named
15      defendant Wachovia Services, Inc.)

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

DATED: June 10, 2008                MUNGER, TOLLES & OLSON LLP

                                    By: _____

                                    Attorneys for Defendants
                                    WACHOVIA FINANCIAL SERVICES,
                                    WACHOVIA MORTGAGE
                                    CORPORATION, WACHOVIA
                                    SHARED RESOURCES, LLC
                                    (erroneously sued as Wachovia Services,
                                    Inc.), WORLD MORTGAGE
                                    COMPANY, WACHOVIA
                                    COMMERCIAL MORTGAGE, INC.,
                                    WORLD SAVINGS, INC., WACHOVIA
                                    EQUITY SERVICING, LLC,
                                    WACHOVIA BANK, N.A., and
                                    WACHOVIA CORPORATION

DATED: June 10, 2008                INITIATIVE LEGAL GROUP LLP

                                    By: _____

                                    Attorneys for Plaintiff
                                    RONALD CHIN

5265132.1

- 9 -