1  MALCOLM A. HEINICKE (SBN 194174)
   Malcolm.Heinicke@mto.com
2  KATHLEEN M. McDOWELL (SBN 115976)
   Kathleen.McDowell@mto.com
3  J. RAZA LAWRENCE (SBN 233771)
   Raza.Lawrence@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, CA  94105-2907
6  Telephone:  (415) 512-4000
   Facsimile:   (415) 512-4077
7
   Attorneys for Defendants
8  WACHOVIA FINANCIAL SERVICES, WACHOVIA
   MORTGAGE CORPORATION, WACHOVIA
9  SHARED RESOURCES, LLC (erroneously sued as
   Wachovia Services, Inc.), WORLD MORTGAGE
10 COMPANY, WACHOVIA COMMERCIAL
   MORTGAGE, INC., WORLD SAVINGS, INC.,
11 WACHOVIA EQUITY SERVICING, LLC,
   WACHOVIA BANK, N.A., and WACHOVIA
12 CORPORATION

13 *Counsel for Plaintiff Listed on Next Page*

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17
   RONALD CHIN, individually, and on          CASE NOS.  4:08-cv-00684-CW and
18 behalf of other members of the general      3:08-cv-01320-CW
   public similarly situated,
19                                             **JOINT CASE MANAGEMENT
                    Plaintiff,                 STATEMENT**
20
           vs.                                 **[[PROPOSED] ORDER FILED
21                                             CONCURRENTLY HEREWITH]**
   WACHOVIA FINANCIAL SERVICES,
22 INC.; WACHOVIA MORTGAGE               Conference:  June 17, 2008 (2:00
   CORPORATION; WACHOVIA                 p.m.)
23 SERVICES, INC.; WORLD
   MORTGAGE COMPANY; WACHOVIA            **The Honorable Claudia Wilken**
24 COMMERCIAL MORTGAGE, INC.;
   WORLD SAVINGS, INC.; WACHOVIA
25 EQUITY SERVICING, LLC;
   WACHOVIA BANK, N.A.;
26 WACHOVIA CORPORATION; and
   DOES 1 through 10, inclusive,
27
                    Defendants.
28

MARK YABLONOVICH (SBN 186670)
MYablonovich@InitiativeLegal.com
MARC PRIMO (SBN 216796)
MPrimo@InitiativeLegal.com
MONICA BALDERRAMA (SBN 196424)
MBalderrama@InitiativeLegal.com
REBECCA LABAT (SBN 221241)
RLabat@InitiativeLegal.com
INITIATIVE LEGAL GROUP LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff RONALD CHIN

- 2 -

1        Plaintiff Ronald Chin ("Plaintiff") and Defendants Wachovia Financial

2    Services, Wachovia Mortgage Corporation, Wachovia Shared Resources, LLC

3    (erroneously sued as Wachovia Services, Inc.), World Mortgage Company,

4    Wachovia Commercial Mortgage, Inc., World Savings, Inc., Wachovia Equity

5    Servicing, LLC, Wachovia Bank, N.A., and Wachovia Corporation ("Defendants")

6    (Plaintiff and Defendants are collectively referred to as the "Parties") hereby

7    respectfully and jointly submit their Joint Case Management Statement, pursuant to

8    Federal Rule of Civil Procedure 26(f), California Northern District Civil Local Rule

9    16-9, and the Court's Related Case Order, following the meeting of counsel which

10   took place on May 27, 2008.

11   **I.    JURISDICTION AND SERVICE**

12       This Court has original subject matter jurisdiction over these two actions

13   pursuant to the Class Action Fairness Act of 2005, codified in part at 28 U.S.C.

14   §§ 1332(d) and 1453.  All parties have been served and have appeared in the

15   actions.  No issues of personal jurisdiction or venue have been raised by the Parties.

16   **II.   SYNOPSIS OF THE CASES AND SUMMARY OF ALLEGATIONS**

17       Plaintiff was employed as a loan representative by Defendant World

18   Mortgage Company in San Leandro, California, from approximately August 2006

19   to February 2007.  Plaintiff has filed two complaints which have been deemed

20   related by this Court.  Case No. 08-00684 is a putative class action alleging that

21   Plaintiff and other similarly situated current and former non-exempt employees

22   were not paid proper overtime for all hours worked, were not properly compensated

23   for missed meal periods and missed rest periods, and were not provided with

24   properly itemized wage statements in compliance with the California Labor Code.

25   Plaintiff does not contest the fact that he was paid on an hourly basis; instead, he is

26   alleging that he was not paid for all of the time he worked, i.e., "off the clock"

27   allegations.  Case No. 08-01320 is a putative representative action in which

28   Plaintiff seeks to recover penalties pursuant to California Labor Code sections

1   2699, et seq. (the Labor Code Private Attorney General Act of 2004)("PAGA") on

2   behalf of all other aggrieved employees.  In both actions, Plaintiff has sued the

3   same nine Defendants.  Plaintiff filed these two lawsuits on January 29, 2008.  The

4   action that Plaintiff initially filed in federal court, Case No. 08-cv-00684, was

5   assigned to the Honorable Claudia Wilken.  On March 7, 2008, Defendants

6   removed the action that Plaintiff filed in state court, (now Case No.08-01320) and

7   that action was initially assigned to the Honorable Maxine M. Chesney.

8   Defendants then filed an administrative motion to consider whether the two cases

9   filed by Plaintiff should be related pursuant to Civil Local Rule 3-12.  On March

10  21, 2008, this Court ruled that the two cases filed by Plaintiff were related, and the

11  removed action, Case No. 08-cv-01320 was reassigned to the Honorable Claudia

12  Wilken.

13      Defendants have filed answers denying the material allegations set forth in

14  Plaintiff's Complaints and alleging numerous affirmative defenses.  Defendants

15  contend that the issues are not appropriate for class treatment, and that Plaintiff and

16  the other employees at issue were properly paid for the time they worked and were

17  provided with appropriate meal and rest breaks.

18  **III.    KEY LEGAL ISSUES**

19      Plaintiff submits that the key legal issues presented by these cases include:

20  - Whether certification of Case No. 08-00684 as a class action is

21    appropriate;

22  - Whether Defendants failed to timely pay all wages owed upon discharge

23    of employees;

24  - Whether Defendants failed to comply with California Labor Code Section

25    226(a) requirements;

26  - Whether Defendants properly provided meal periods and compensated

27    employees with one hour of pay at their "regular rate" of pay for each

28    meal period not provided;

-2-

1   • Whether Defendants properly authorized and permitted rest periods and

2   compensated employees with one hour of pay at their "regular rate" of

3   pay for each rest period that was not authorized and permitted;

4   • Whether Defendants engaged in unfair business practices in violation of

5   California Business & Professions Code §§ 17200, et seq.;

6   • The amount of damages, restitution, or monetary penalties resulting from

7   Defendants' violations of California law;

8   • The appropriateness of any injunctive remedies.

9   It is Plaintiff's position that Case No. 08-01320, the PAGA Action, is not a class

10  action, but rather, a representative action, and thus, need not comply with Rule 23

11  requirements.

12  Defendants submit that the key legal issues presented by these cases include:

13  (1) whether Plaintiff was properly paid for all the hours that he worked; (2) whether

14  Plaintiff was provided with appropriate meal and rest breaks; and (3) whether these

15  issues can be resolved for others on a class action basis.  It is Defendants' position

16  that Plaintiff may not proceed with PAGA claims on behalf of any employees other

17  than himself in Case No. 08-01320 without complying with the requirements of a

18  class action and prevailing on a class certification motion with respect to those

19  claims.

20  Plaintiff's Complaints allege that the employees at issue consistently worked

21  in excess of eight hours per day or in excess of forty hours per week and that

22  Defendants willfully failed to pay all the overtime wages owed to them.  Plaintiff's

23  Complaints also allege that Defendants willfully required the employees at issue to

24  work during meal and periods and failed to compensate the employees for work

25  performed during the meal and rest periods.

26  Defendants deny these allegations and contend that, to the extent the

27  employees at issue worked any overtime hours, they were properly paid wages for

28  those overtime hours in accordance with Defendants' clear company policies.

- 3 -

1    Specifically, Defendants contend that Plaintiff and others were paid for the hours

2    they themselves recorded on their time sheets.  Defendants also contend that they

3    had effective policies in place regarding meal and rest breaks, that the employees at

4    issue were provided with appropriate meal and rest breaks pursuant to California

5    law, and that the employees were never forced to forego any meal or rest periods

6    without pay.  Defendants submit that, in light of their company-wide policies and

7    practices requiring payment for overtime hours worked and providing for

8    appropriate meal and rest breaks, the issues presented on this case would invariably

9    turn on individualized inquiries, and for this and other reasons, these cases are not

10   appropriate for resolution on a class action basis.

11   **IV.   <u>MOTIONS</u>**

12        As noted above, Defendants moved for an order deeming the two Complaints

13   filed by Plaintiff related, and that administrative motion was granted.  There have

14   been no other motions filed to date in these actions.

15        The parties anticipate the filing of motions in connection with Plaintiff's

16   request for class action treatment.

17        Defendants currently plan to file motion(s) for summary judgment and/or

18   partial summary judgment with respect to Plaintiff's individual claims, and to the

19   extent a motion for class certification is entertained and granted, with respect to the

20   claims of the class members and/or purportedly aggrieved employees.

21        The Parties may also file motions with respect to initial discovery, but no

22   such motions are currently pending.

23   **V.   <u>AMENDMENT OF PLEADINGS</u>**

24        The Parties reserve all rights with respect to the filing of amended pleadings,

25   and anticipate that any such motions would be filed within the next two to three

26   months.  At this time, Plaintiff does not anticipate any amendments to his

27   complaints.

28

## VI.    EVIDENCE PRESERVATION

Plaintiff's counsel and Defendants' counsel have taken measures with their respective clients regarding preservation of relevant materials.  Specifically, Defendants' counsel have provided hold directives to appropriate employees of Defendants instructing them to preserve evidence, including electronic evidence, that relates to the matters at issue in these lawsuits.

## VII.    DISCLOSURES

The Parties have agreed to exchange their initial disclosures no later than June 17, 2008.

## VIII.    DISCOVERY

Other than as set forth above, the Parties have not yet commenced formal discovery.  The Parties anticipate deposition and written discovery as to class certification issues, and as to the merits of Plaintiff's substantive allegations.  The Parties anticipate that discovery relating to Plaintiff's allegations of class action will be conducted within the next six to eight months, as set forth in the proposed schedule below.

## IX.    CLASS ACTIONS

Plaintiff's claims in Case No. 08-00684 have been pled as a class action. Plaintiff states that he will seek certification of the class under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).  Defendants dispute that class certification would be appropriate.

Defendants believe that the deadline for filing any motions in connection with class certification, with respect to either of Plaintiff's two complaints, should be set approximately eight months from now to allow sufficient time for preliminary discovery and factual investigation related to class certification issues to be conducted.  Plaintiff contends that the deadline for filing any motions related to class certification should be set no earlier than one year from now.

1  **X.    RELATED CASES**

2      As set forth above, there are two related cases here.  Other than this, the

3  Parties are not aware of any related cases or proceedings pending before another

4  judge of this court, or before another court or administrative body.

5  **XI.    RELIEF**

6      In Case No. 08-00684, Plaintiff seeks relief on behalf of himself and the

7  putative class he seeks to represent as follows:  (1) recovery of overtime

8  compensation for time that the employees at issue allegedly worked "off the clock";

9  (2) recovery of an hour of compensation at the regular hourly rate for each day in

10  which the employees at issue allegedly were not provided with appropriate meal

11  periods; (3) recovery of an hour of compensation at the regular hourly rate for each

12  day in which the employees at issue allegedly were not provided with appropriate

13  rest periods; and (3) recovery of associated penalties and attorney fees.

14      In Case No. 08-01320, Plaintiff only seeks to recover penalties pursuant to

15  California Labor Code sections 2699, et seq. (the Labor Code Private Attorney

16  General Act of 2004)("PAGA").

17  **XII.    SETTLEMENT AND ADR**

18      The Parties have complied with ADR L.R. 3-5 in meeting and conferring to

19  select an ADR process, and have agreed to private mediation as a form of ADR in

20  these matters.  The Court has signed an order requiring the Parties to conduct the

21  mediation by January 31, 2009.  Defendants have fulfilled the requirements of ADR

22  L.R. 3-5 by filing completed ADR Certifications, and Plaintiff is in the process of

23  completing and filing ADR Certifications.

24  **XIII. MAGISTRATE JUDGE**

25      The Parties respectfully decline to have a Magistrate Judge preside over the

26  proceedings.

27  **XIV. OTHER REFERENCES**

28      No other references are applicable or suitable at this time.

- 6 -

## XV.  NARROWING OF ISSUES

Other than as indicated herein, at this time the Parties do not find any issues which can be narrowed by motion or agreement in these cases.

## XVI.  EXPEDITED SCHEDULE

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The Parties respectfully submit that it would be appropriate to set a deadline for filing any motions relating to class certification.  Defendants believe that a deadline of February 27, 2009, would be appropriate, while Plaintiff believes that it would be more appropriate to set a deadline of June 15, 2009.  To the extent a party wishes to file a motion on class certification prior to the deadline that is ultimately set by the Court, this deadline shall not preclude such an earlier filing.  The Parties further submit that it is premature to set pre-trial or trial dates before the Court has ruled on any class certification motion.

## XVIII.    TRIAL

Plaintiff has demanded jury trials.  If Case No. 08-00684 is not certified as a class action, Defendants expect trial to last approximately one day.  If Case No. 08-00684 is certified as a class action, the Parties expect the trial to last approximately two to three weeks, depending upon various issues that have yet to be resolved. Plaintiff expects trial of Case No. 08-01320, the PAGA action, to last approximately two weeks.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants filed Certifications of Interested Entities, pursuant to Civil Local Rule 3-16, on March 7, 2008.  In those certifications, Defendants identified the following listed entities that either (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in

- 7 -

that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

> Named Defendants:
>
> Wachovia Financial Services, Inc.
>
> Wachovia Mortgage Corporation
>
> Wachovia Services, Inc.*
>
> World Mortgage Company
>
> Wachovia Commercial Mortgage, Inc.
>
> World Savings, Inc.
>
> Wachovia Equity Servicing, LLC
>
> Wachovia Bank, N.A.
>
> Wachovia Corporation (publicly traded under stock symbol "WB")
>
> Additional Interested Entities:
>
> *Wachovia Shared Resources, LLC (successor-in-interest to named defendant Wachovia Services, Inc.)

- 8 -

1 | DATED: June 10, 2008

MUNGER, TOLLES & OLSON LLP

By: _____

Attorneys for Defendants
WACHOVIA FINANCIAL SERVICES,
WACHOVIA MORTGAGE
CORPORATION, WACHOVIA
SHARED RESOURCES, LLC
(erroneously sued as Wachovia Services,
Inc.), WORLD MORTGAGE
COMPANY, WACHOVIA
COMMERCIAL MORTGAGE, INC.,
WORLD SAVINGS, INC., WACHOVIA
EQUITY SERVICING, LLC,
WACHOVIA BANK, N.A., and
WACHOVIA CORPORATION

DATED: June 10, 2008

INITIATIVE LEGAL GROUP LLP

By: _____

Attorneys for Plaintiff
RONALD CHIN

5265132.1

- 9 -