Mark Yablonovich (SBN 186670)
MYablonovich@InitiativeLegal.com
Marc Primo (SBN 216796)
MPrimo@InitiativeLegal.com
Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Shawn Westrick (SBN 235313)
SWestrick@InitiativeLegal.com
Rebecca Labat (SBN 221241)
RLabat@initiativelegal.com
Initiative Legal Group LLP
1800 Century Park East, Second Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff RONALD CHIN
and all other aggrieved employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHIN, individually, and on behalf of all other similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act (PAGA),<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation; WACHOVIA MORTGAGE CORPORATION, a North Carolina corporation, WACHOVIA SERVICES,INC., a North Carolina corporation; WORLD MORTGAGE COMPANY, a Colorado corporation; WACHOVIA COMMERCIAL MORTGAGE, INC., a New Jersey Corporation; WORLD SAVINGS, INC., a California corporation; WACHOVIA | Case No. 08-cv-01320-CW<br><br>**LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br><br>(2) Violation of California Labor Code § 226(a) (Improper Wage Statements);<br><br>(3) Violation of California Labor Code §§ 226.7(a) and 512 (Missed Meal Periods);<br><br>(4) Violation of California Labor Code § 226.7(a) (Missed Rest Periods); |

FIRST AMENDED COMPLAINT

EQUITY SERVICING, LLC, a New Jersey limited liability corporation; WACHOVIA BANK, N.A. a business entity form unknown; WACHOVIA CORPORATION, a business entity form unknown; WACHOVIA MORTGAGE, FSB; and DOES 1 through 10, inclusive,

Defendants.

(5) Violation of California Labor Code §§ 201 and 202 (Non-payment of Wages Upon Termination); and

(6) Violation of California Labor Code § 204 (Failure to Pay Wages)

**Jury Trial Demanded**

Plaintiff, an individual, alleges as follows:

## JURISDICTION AND VENUE

1. Based upon information and belief, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331-1332. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiff alleges, on information and belief, that the aggregate amount in controversy for this representative action would exceed five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than one-hundred (100) members, and that any one plaintiff is a citizen of a state different from that of any defendant. See Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants maintain offices, have agents and are licensed to and do transact business in this district.

3. California Labor Code §§ 2699 authorizes aggrieved employees to sue directly for various civil penalties under the Labor Code.

4. Plaintiff provided written notice by certified mail to the Agency and the Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

\\

\\

## THE PARTIES

5. Plaintiff RONALD CHIN (hereinafter "Plaintiff") is a resident of Alameda County, in the State of California.

6. Defendant WACHOVIA FINANCIAL SERVICES, INC. was and is, upon information and belief, a North Carolina corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

7. Defendant WACHOVIA MORTGAGE CORPORATION was and is, upon information and belief, a North Carolina corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

8. Defendant WACHOVIA SERVICES, INC. was and is, upon information and belief, a North Carolina corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

9. Defendant WORLD MORTGAGE COMPANY was and is, upon information and belief, a Colorado corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

10. Defendant WACHOVIA COMMERCIAL MORTGAGE, INC. was and is, upon information and belief, a New Jersey corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

11. Defendant WORLD SAVINGS, INC. was and is, upon information and belief, a California corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

12. Defendant WACHOVIA EQUITY SERVICING, LLC was and is, upon information and belief, a New Jersey limited liability corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

13. Defendant WACHOVIA BANK, N.A. was and is, upon information and belief, a business entity form unknown, doing business, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

14. Defendant WACHOVIA CORPORATION was and is, upon information and belief, a business entity form unknown, doing business, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

15. Defendant WACHOVIA MORTGAGE, FSB is an FDIC insured bank held by Wachovia Corporation, and headquartered in Nevada.

16. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities become known.

17. Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the partners, agents, owners, shareholders, managers or employees of WACHOVIA FINANCIAL SERVICES, INC., WACHOVIA MORTGAGE CORPORATION, WACHOVIA SERVICES, INC., WORLD MORTGAGE COMPANY, WACHOVIA COMMERCIAL MORTGAGE, INC. WORLD SAVINGS, INC.,WACHOVIA EQUITY SERVICING, LLC, WACHOVIA BANK, N.A. and/or WACHOVIA CORPORATION were acting on behalf of WACHOVIA FINANCIAL SERVICES, INC., WACHOVIA MORTGAGE CORPORATION, WACHOVIA SERVICES, INC., WORLD MORTGAGE COMPANY, WACHOVIA COMMERCIAL MORTGAGE, INC.,

1  WORLD SAVINGS, INC., WACHOVIA EQUITY SERVICING, LLC, WACHOVIA
2  BANK, N.A., WACHOVIA MORTGAGE, FSB and/or WACHOVIA CORPORATION.

3  18. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, WACHOVIA FINANCIAL SERVICES, INC., WACHOVIA MORTGAGE CORPORATION, WACHOVIA SERVICES, INC., WORLD MORTGAGE COMPANY, WACHOVIA COMMERCIAL MORTGAGE, INC., WORLD SAVINGS, INC., WACHOVIA EQUITY SERVICING, LLC, WACHOVIA BANK, N.A., WACHOVIA MORTGAGE, FSB and/or WACHOVIA CORPORATION and DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

19. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages herein alleged.

20. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

21. Plaintiff intends to seek penalties for violations of the California Labor Code, which are recoverable under California Labor Code §§ 2699 et seq. Plaintiff is seeking penalties on behalf of the State of California of which 75% will be kept by the state, while 25% will be available to aggrieved employees. Plaintiff is alleging PAGA penalties from August 1, 2006 to the date of the resolution of this lawsuit.

22. At all times set forth, Defendants employed Plaintiff and other persons as full-time hourly Telefi/ELOC Loan Representatives at World Mortgage's San Leandro,

1 California call center at any point beginning on January 29, 2004.

2     23.    Defendants employed Plaintiff as a "Telefi/ELOC Loan Representative," which is a non-exempt or hourly paid position, from on or about August 2006 to on or about February 2007, at Alameda County business locations.

    24.    Defendants no longer employ Loan Representatives.

    25.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law and employment and personnel practices, and about the requirements of California law.

    26.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

    27.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other aggrieved employees were entitled to receive all the wages owed to them upon discharge.

    28.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law.

    29.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other aggrieved employees were entitled to receive all meal periods or payment of one hour of pay at their regular rate of pay when they did not receive a timely uninterrupted meal period.

    30.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other aggrieved employees were entitled to receive all rest periods or payment of one hour of pay at their regular rate of pay when a rest period was missed.

31. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and other aggrieved employees, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

32. At all times herein set forth, the California Labor Code § 2699 was applicable to Plaintiff's employment by Defendants.

33. At all times herein set forth, California Labor Code § 2699, "The Labor Code Private Attorney General Act" (hereinafter "PAGA"), provides that for any provision of law under the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency for violation of the Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlines in California Labor Code § 2699.3.

34. Pursuant to California Labor Code § 2699, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

35. Plaintiff was employed by the Defendants and the alleged violations were committed against him during his time of employment and is therefore, an aggrieved employee.

36. Pursuant to California Labor Code §§ 2699.3 and 2699.5 an aggrieved employee, including Plaintiff, may as a matter of right amend an existing complaint to add a cause of action arising under Labor Code § 2699 only after the following requirements have been met:

    a. The aggrieved employee shall give written notice (hereinafter "Notice") by certified mail to the Labor and Workforce Development Agency (hereinafter

"Agency") and the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation.

b.  The Agency shall notify the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Notice.  Upon receipt of the Notice or if no Notice is provided within thirty-three (33) calendar days of the postmark date of the Notice, the aggrieved employee may amend an existing complaint within sixty days of receiving the Notice that the Agency does not intend to investigate the alleged violation, to add a cause of action pursuant to Labor Code § 2699 to recover civil penalties in addition to any other penalties that the employee may be entitled to.

37. Plaintiff provided written notice by certified mail to the Agency and the Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

38. Plaintiff has, therefore, satisfied the requirements of California Labor Code § 2699.3 and may recover civil penalties, in addition to other remedies, for violations of California Labor Code §§ 201, 202, 204, 226(a), 226.7(a), 510, 512, and 1198.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198**

**(Against all Defendants)**

39. Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 38.

40. At all times herein set forth, California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either at one-and-one-half or two-

times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

41. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other aggrieved employees who worked more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of one-and-one-half times the regular rate for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

42. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other aggrieved employees who worked more than twelve (12) hours in a day, overtime compensation at a rate of two-times his or her regular rate of pay.

43. At all times herein set forth, California Labor Code § 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

44. During the relevant time period, Plaintiff and other aggrieved employees consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, or in excess of forty (40) hours in a week.

45. During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and other aggrieved employees.

46. During the relevant time period, Plaintiff and other aggrieved employees regularly performed non-exempt work in excess of fifty percent (50%) of the time, and were thus subject to the overtime requirements of California law.

47. Defendants' failure to pay Plaintiff and other aggrieved employees the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code §§ 510 and 1198, and is therefore unlawful.

48. Pursuant to the civil penalties provided for in California Labor Code § 2699(f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 510, 1194 and 1198.

### SECOND CAUSE OF ACTION

**Willful Violation of California Labor Code § 226(a)**

**(Against all Defendants)**

49. Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 48.

50. Defendants have intentionally failed to provide employees with complete and accurate wage statements that include, among other things, the social security number of Plaintiff and other aggrieved employees.

51. Pursuant to California Labor Code §§ 2699(f) and 226.3, the State of California, Plaintiff and other aggrieved employees are entitled to recover from Defendants the greater of the actual damages caused by Defendants' failure to comply with California Labor Code § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee, and an award of costs and reasonable attorney's fees.

### THIRD CAUSE OF ACTION

**Violation of California Labor Code §§ 226.7(a) and 512(a)**

**(Against all Defendants)**

52. Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 51.

53. At all times herein set forth, the California IWC Wage Order and <u>California Labor Code</u> §§ 226.7(a) and 512(a) were applicable to Plaintiff's employment with Defendants.

54. At all times herein set forth, <u>California Labor Code</u> § 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

55. At all times herein set forth, <u>California Labor Code</u> § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

56. At all times herein set forth, <u>California Labor Code</u> § 512(a) further provides that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57. During the relevant time period, Plaintiff and the other aggrieved employees who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

58. During the relevant time period, Plaintiff and the other aggrieved employees who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

59. During the relevant time period, Plaintiff and the other aggrieved employees who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second meal period of not less than thirty (30) minutes.

60. During the relevant time period, Plaintiff and the other aggrieved employees who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without a meal period of not less than thirty (30) minutes.

61. During the relevant time period, Defendants willfully required Plaintiff and other aggrieved employees to work during meal periods and failed to compensate Plaintiff for work performed during those meal periods.

62. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code §§ 226.7(a) and 512(a).

63. Pursuant to the civil penalties provided for in California Labor Code § 2699(f) and (g), the State of California, Plaintiff and the other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 226.7(a) and 512(a).

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 226.7(a)

### (Against all Defendants)

64. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 63.

65. At all times herein set forth, the applicable IWC Wage Order and California Labor Code § 226.7(a) was applicable to Plaintiff's and the other aggrieved employees' employment by Defendants.

66. At all times herein set forth, California Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

67. At all material times set forth herein, Defendants required Plaintiff and the other aggrieved employees to work in excess of four (4) hours without providing a ten (10) minute rest period.

68. At all material times set forth herein, Defendants required Plaintiff and the other aggrieved employees to work an additional four (4) hours without providing a second ten (10) minute rest period.

69. At all material times set forth herein, Defendants required Plaintiff and the other aggrieved employees to work during rest periods and failed to compensate Plaintiff and the other aggrieved employees for work performed during rest periods.

70. Defendants' conduct violates the applicable IWC Wage Order and California Labor Code 226.7(a).

71. Pursuant to the civil penalties provided for in California Labor Code § 2699(f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code § 226.7(a).

\\

\\

\\

\\

## FIFTH CAUSE OF ACTION

## Violation of California Labor Code §§ 201 and 202

### (Against all Defendants)

72. Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 71.

73. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

74. During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of leaving Defendants' employ.

75. Defendants' failure to pay Plaintiff and other aggrieved employees their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of his leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

76. Pursuant to California Labor Code § 2699(f) and (g), the State of California, Plaintiff and the other aggrieved employees are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of the Labor Code §§ 201 and 202.

\\

\\

\\

## SIXTH CAUSE OF ACTION

## Violation of California Labor Code § 204

### (Against all Defendants)

77. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 76.

78. At all times herein set forth, California Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

79. At all times herein set forth, California Labor Code § 204 further provides that all wages earned by any person in any employment between the 16th and the last day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

80. Additionally, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

81. During the relevant time period, Defendants willfully failed to pay Plaintiff and the other aggrieved employees the regular and overtime wages due to them, within any time period permissible by California Labor Code § 204.

82. Pursuant to the civil penalties provided for in California Labor Code § 2699(f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code § 204.

\\

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff, and on behalf of all other aggrieved employees similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

As to the First Cause of Action

1. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

3. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a);

4. For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 510, 1194 and 1198; and

5. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

6. For all actual, consequential and incidental losses and damages, according to proof;

7. For costs of suit incurred herein;

8. For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code § 226(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

10.    For all actual, consequential and incidental losses and damages, according to proof;

11.    For costs of suit incurred herein;

12.    For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 226.7(a) and 512; and

13.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

14.    For all actual, consequential and incidental losses and damages, according to proof;

15.    For costs of suit incurred herein;

16.    For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code § 226.7(a); and

17.    For such other and further relief as the Court may deem appropriate.

### As to the Fifth Cause of Action

18.    For all actual, consequential and incidental losses and damages, according to proof;

19.    For reasonable attorneys' fees and for costs of suit incurred herein;

20.    For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for the initial violation and $200

1 for each aggrieved employee per pay period for each subsequent violation, plus costs and
2 attorneys' fees for violation of <u>California Labor Code</u> §§ 201 and 202; and

3   21.   For such other and further relief as the Court may deem equitable and
4 appropriate.

As to the Sixth Cause of Action

6   22.   For all actual, consequential and incidental losses and damages, according to
7 proof;

8   23.   For pre-judgment interest on any untimely paid compensation, from the date
9 such amounts were due;

10   24.   For reasonable attorneys' fees and costs of suit incurred herein;

11   25.   For civil penalties pursuant to <u>California Labor Code</u> § 2699(f) and (g) in the
12 amount of $100 dollars for each violation per pay period for the initial violation and $200
13 for each aggrieved employee per pay period for each subsequent violation, plus costs and
14 attorneys' fees for violation of <u>California Labor Code</u> § 204; and

15   26.   For such other and further relief as the Court may deem equitable and
16 appropriate.

18 Dated:  March 20, 2009                    Respectfully submitted,

19                                           INITIATIVE LEGAL GROUP, LLP

21                                           By: _____
                                                 Mark Yablonovich
                                                 Marc Primo
                                                 Mónica Balderrama
                                                 Shawn Westrick
                                                 Rebecca Labat
                                                 Attorneys for Plaintiff and all other
                                                 aggrieved employees